FRANCIS ROCHFORD'S CASE.

Suffolk.    November 21, 1919. — November 24, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Workmen's Compensation Act,* To whom act applies.    *Agency,* Scope of employment.    *Proximate Cause.*

An employee in a factory, returning from his noon meal at his home twenty minutes before the close of the meal period, entered a packing room through which he would have to pass in order to reach his work and where other employees were eating their lunch, and sat down in a chair near a machine. A girl of seventeen sat upon his knee and two other girls sat near by. When a whistle blew to announce the close of the meal period, the girl arose from his knee and he started to arise. In doing so he took hold of a nearby machine to steady himself and his hand was caught in it and injured. *Held,* that the injury did not arise out of or in the course of the employee's employment and that he was not entitled to compensation under the workmen's compensation act.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board upon an agreed statement of facts, described in the opinion, awarding compensation at the rate of $10.66 per week.

In the Superior Court a decree was ordered by *Hammond,* J., in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*J. W. Cronin, F. A. Carroll & R. B. Eaton,* for the insurer.

*W. H. McSweeney, M. J. McSweeney & A. Glovsky,* for the employee.

RUGG, C. J. The employee's place of work was on the second floor of the factory of the subscriber. He went home to dinner and returned to the factory about twenty minutes before one o'clock. He went into the packing room through which he would have to pass in order to reach his place of work upstairs. He waited until one o'clock in the packing room where others of the employees ate their lunch. His conduct there and the injury received are stated in these words in the agreed facts: "He was sitting in a chair near some power monogram machines talking with a friend, Whitehead. There was a girl about seventeen years of age who was sitting on the employee's knee and two other girls about the same age were near by, sitting on a box." Just "as the one o'clock whistle blew, which was the hour for returning to work, the girl, who was sitting on the employee's knee, got up and began to walk away to go to her work. The employee then arose from the chair and took hold of the last which was attached to the part of the monogram where it would be moved to receive the impression of the stamp, and took hold of it for the purpose of assisting him to get out of the chair. As the employee was getting up in this way, the stamping device or die of the monogram was set in motion by the operation of the machine and came down upon his right hand."

It is apparent from this recital of facts that there was no causal connection between the employment and the injury. It was no part of the employment to wait for twenty minutes under the circumstances disclosed in the packing room although the employee was required to pass through it in a reasonable and orderly way to reach his labor. Whatever else may be said respecting his manner of spending that period of time, plainly it was no part of his duty and had no relation to it. The injury occurred while he was attempting to extricate himself from a posture and course of behavior utterly foreign to the business of the subscriber. That risk was not incidental to his employment. The subscriber was in no wise responsible for it. It was intentionally, intelligently and voluntarily incurred by the employee on an escapade of his own. Conditions may arise where the employee on the way to or

on the return from meals may be injured on the master's premises as a rational result of the contract of service although not actually engaged at the moment in the work for which he was hired. *Sundine's Case,* 218 Mass. 1. *Hallett's Case,* 232 Mass. 49. The case at bar is not of that nature; it belongs to the class illustrated by *Savage's Case,* 222 Mass. 205, *Moore's Case,* 225 Mass. 258, *O'Toole's Case,* 229.Mass. 165.

> *Decree reversed.*
> *Decree to be entered in favor of the insurer.*