ANTOINE BABINEAU'S (dependent's) CASE.

Suffolk.    November 9, 1925. — January 5, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

The dependent of one employed at night as a sweeper in a spinning room on the third floor of a mill is not entitled to compensation under the provisions of the workmen's compensation act if the employee's death is caused by the explosion of a boiler on the ground floor in an ell of the mill which occurred while he was sitting there during a lunch period when the employees did not work and were free to remain in or go from the factory as they wished, although the employer ran a lunch room in the cellar of the mill, where the employees could get food, and it was the custom of the employees to gather in the boiler room during this rest period for rest, social converse and smoking, which general practice was known to the employer and was permitted to continue without hindrance by the management.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board, upon evidence and facts reported by a single member but contrary to his conclusions, that the claimant Marie Babineau, mother of Antoine Babineau, formerly an employee of New Bedford Spinning Company, deceased, was entitled to compensation as his dependent because his "death was due to a hazard to which he was exposed by reason of his employment, the explosion of a heater in the engine room of the New Bedford Spinning Company, and that the employee's injury and death were due to a personal injury arising out of and in the course of his employment."

In the Superior Court, the case was heard by *Morton*, J. Material facts shown by the record are described in the opinion.    By order of the judge, a decree was entered ordering the payment of compensation as awarded by the Industrial Accident Board.    The insurer appealed.

*G. Gleason*, (*F. A. Lavelle* with him,) for the insurer.

*C. F. Archambault*, for the claimant.

SANDERSON, J.  The employee worked nights, as a sweeper in the spinning room on the third floor of the employer's mill.  On March 6, 1923, while sitting in the boiler room located on the ground floor in an ell of the mill, he received injuries, from which he died, caused by the explosion of a boiler.  The accident occurred between midnight and 12:30 A.M., when the employees were given a lunch period during which they did not work and were free to remain in or go from the factory as they wished.  The employer ran a lunch room in the cellar of the mill where the employees could get food.  The board, in awarding compensation, found that it was the custom of the employees to gather in the boiler room during this lunch period for rest, social converse and smoking; that this general practice was known to the employer and was permitted to continue without hindrance by the management; that notice prohibiting smoking had been posted in this room, but it was not enforced and had become a dead letter; that the notice did not prohibit the gathering there of the men; that there was no evidence that the employee smoked in this room on the night of his injury; that such smoking as was going on at the time had no relation to the explosion; and that death was due to a personal injury arising out of and in the course of his employment from a hazard to which he was exposed by reason of that employment.

It could not properly be found that the contract of employment as a sweeper on the third floor exposed the employee to the hazard of the explosion in the basement: his presence there was not required, and he was not going to or coming from his place of employment at the time of the injury.  The accident occurred when, so far as the evidence discloses, he was on his own time without any contractual obligation to his employer.  He was not in the performance of the specific duties of his employment or doing anything which under our decisions could be found to be incidental to them.  *White* v. *E. T. Slattery Co.* 236 Mass. 28.  It could not have been found that there was a reasonable probability that this employee in the course of his employment would meet with such an accident.  *O'Brien's Case,* 228

Mass. 380. The mere fact that the accident occurred on the employer's premises is not enough to establish liability. *Hallett's Case*, 230 Mass. 326. The employee voluntarily went to the boiler room for his own comfort or pleasure at a time when, so far as the evidence discloses, the employer had no control over him, and the employment cannot be said to be a proximate contributing cause of the injury. *McNicol's Case*, 215 Mass. 497. *Maggelet's Case*, 228 Mass. 57. *O'Toole's Case*, 229 Mass. 165. *Rochford's Case*, 234 Mass. 93.

The decree awarding compensation is reversed and a decree is to be entered in favor of the insurer.

*So ordered.*