Max Swardleck's (dependent's) Case.

Suffolk.    June 29, 1928.— September 20, 1928.

Present: Rugg, C.J., Crosby, Pierce, Wait, & Sanderson, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board, Injuries to which act applies, Serious and wilful misconduct of employee.

At the hearing of a claim by the widow of an employee under the workmen's compensation act, there was evidence that the claimant was in charge of an elevator for his employer; that no one but the man in

charge was authorized to move the elevator and that he had been forbidden by the employer to leave the elevator while in charge of it; that previous to his injury, he had been some six feet away from the elevator talking to a fellow employee and had failed to attend to three calls from an employee who wished it used, so that such employee had placed a truck upon it and himself pulled the chain to start it away from the floor where the claimant had left it, when the claimant stepped upon it while it was in motion and received injuries which resulted in his death. The Industrial Accident Board, affirming findings by a single member, found that the accident arose out of and in the course of the employment, and awarded compensation. A decree accordingly was entered in the Superior Court. The insurer appealed. *Held,* that

(1) This court will not reëxamine questions of fact decided by a single member or the reviewing board if there is evidence to sustain the findings, unless a different finding is required as matter of law;

(2) The evidence fell short of establishing a violation of orders contributing to the injury, or such wilful misconduct or assumption of additional risk as precludes recovery;

(3) Negligence on the part of the employee did not bar recovery under the statute;

(4) Violation by the employee of a rule of the employer was not as a matter of law serious and wilful misconduct barring recovery under the statute;

(5) The risk shown by the evidence was not necessarily and as a matter of law additional to the contract of employment, but might be found to have been contemplated by and incidental to it;

(6) There was no error in the decree.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the widow of Max Swardleck, who, while in the employ of Plymouth Rubber Company, received injuries resulting in his death.

In the Superior Court, a decree was entered by order of *Cox,* J., in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*G. Gleason,* for the insurer.

*S. B. Horovitz & J. A. Murphy,* for the claimant.

WAIT, J. The single member of the Industrial Accident Board who heard this cause found that the employee, in the course of his employment of running an elevator for the assured, stepped upon the elevator after it had been set in motion by another employee, was thrown down and received injuries which resulted in his death. She found that the

accident arose out of and was in the course of his employment, and that the insurer was liable for compensation.   On review, the board affirmed and adopted the findings and decision of the single member.   One member of the reviewing board did not sign the report.

The insurer contends that the injury did not arise out of and in the course of the employment, because the employee voluntarily incurred an additional risk neither contemplated by his contract nor incidental to it; because the accident resulted from violation of a rule of the employer then in force; and because the employee was injured by reason of his serious and wilful misconduct.   The validity of these contentions rests upon the determination of questions of fact. This court will not reëxamine questions of fact decided by the single member or the reviewing board if there is evidence to sustain the findings, unless a different finding is required as matter of law.   *Silver's Case,* 260 Mass. 222.   *Chisholm's Case,* 238 Mass. 412, 419.   *Dow's Case,* 252 Mass. 191.

There was testimony that although the injured employee had been forbidden by his employer to leave the elevator while in charge of it, he had been some six feet away from it talking to a fellow employee and had failed to attend to three calls from an employee who wished it used, so that the latter had placed a truck upon it and himself pulled the chain to start it away from the floor where the elevator man had left it before its custodian reached it.   There was also testimony that no one but the man in charge was authorized to move the elevator.   It was for the member or board to decide what of this testimony was to be believed, but if we assume that it be taken as true it falls short of establishing a violation of orders contributing to the injury, or such wilful misconduct, or assumption of additional risk as precludes recovery.   It was the employee's duty to manage the elevator even if some one else had set it in motion; and a finding is justified that he was acting in the course of his employment in seeking to step upon it, and that his injury arose out of his employment.

Negligence on his part does not bar recovery.   *Madden's Case,* 222 Mass. 487.   Violation of a rule is not necessarily

serious and wilful misconduct. *Nickerson's Case*, 218 Mass. 158. *Beckles's Case*, 230 Mass. 272. See *Silver's Case, supra*, page 224. Neither *Jacobson's Case*, 248 Mass. 466, nor *Withers's Case*, 252 Mass. 415, cited by the insurer, is controlling on the facts before us. *Rochford's Case*, 234 Mass. 93, cited by the insurer, is still less in point.

The risk here was not necessarily additional to the contract of employment, but might be found to be contemplated by and incidental to it.

It follows that there was no error in the decree.

*Decree affirmed.*