### EDWIN HORTON'S CASE.

Suffolk.    April 7, 1931. — June 1, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Appeal. *Agency*, Scope of employment. *Evidence*, Presumptions and burden of proof.

Where, in proceedings under the workmen's compensation act, it appeared that the employee, while returning from a toilet room through a corridor in his employer's place of business, went, to get a newspaper, into a locker room in which he did not keep any of his belongings and was not called by his employment to be, and there slipped and was injured, a finding was not warranted that the injury arose out of and in the course of his employment: in going into the locker room he departed from the sphere of his employment and was doing something in his own behalf.

The employee in the case above described had the burden of proving that the injury arose out of and in the course of his employment, and it was open to the insurer to contend in this court, on appeal from a decree entered in the Superior Court, that the employee had departed from the sphere of his employment at the time of his injury, although the insurer had not raised the point specifically at the hearings before the Industrial Accident Board.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Testimony by the employee at the hearing by a single member of the board is stated in the opinion. The single member found that the employee "slipped on something on the floor and as a result fell and fractured" his leg; and that the injury arose out of and in the course of his employment. The findings were affirmed and adopted on review by the board. By order of *F. T. Hammond*, J., in the Superior Court, a decree was entered in accordance

with the board's decision. The insurer appealed. In his brief at the argument in this court, one of the employee's contentions was that the defence, that he had departed from his employment at the time of his injury, was not open to the insurer because it had not been raised specifically at the hearings before the Industrial Accident Board.

The case was submitted on briefs.

*G. Gleason,* for the insurer.

*S. B. Horovitz & V. W. Marr,* for the claimant.

CARROLL, J. The employee operated a dish washing machine at a hotel in Boston. He was walking in the corridor, returning from the toilet room. As he was about to pass a small room known as the bell boys' locker room, he saw a paper in this room on a bench ten or fifteen feet from the corridor. The employee testified that he was going into this locker room "to get a newspaper"; that "None of his belongings were in that room"; that "The place [where] he slipped was in the locker room, just across the threshold." He fell in this locker room and suffered an injury for which compensation was awarded under the workmen's compensation act. There was no evidence that the plaintiff's employment called upon him to be in this room, nor was there evidence that it was incidental to his employment to enter this room. The insurer appealed from the decision of the Superior Court in favor of the employee.

It is not questioned that the employee could recover if injured in the corridor while returning from a toilet. *Sundine's Case,* 218 Mass. 1. *Von Ette's Case,* 223 Mass. 56. But the principle of these cases is not applicable when the employee leaves the sphere of his employment for some purpose of his own, not incidental to his employment. This well settled rule has been followed in many decisions. *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560. *O'Toole's Case,* 229 Mass. 165, 167. *Rochford's Case,* 234 Mass. 93. *Babineau's Case,* 254 Mass. 214. The employee was injured in the locker room. In going into this room he departed from the sphere of his employment. There was no causal connection between his employment and the injury. It was not incidental to his employment to enter the

locker room. In going there he was engaged in doing something for himself, not connected with his employment nor incidental to it. *O'Toole's Case,* 229 Mass. 165. *Rochford's Case,* 234 Mass. 93. *Babineau's Case,* 254 Mass. 214.

It is argued by the employee that this point is not open. We do not agree with this contention. The employee was bound to prove that his injury arose out of and in the course of his employment. He has not done this. His injury was not caused by his employment.

The decree is reversed and a decree is to be entered for the insurer.

*So ordered.*