# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

HENRY EIFLER's (dependent's) CASE.

Suffolk.    April 8, 1931. — June 1, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

One employed as a garbage collector, who, while riding on a motor truck operated by his employer's chauffeur, fell and was run over by the truck when he attempted to alight from it as it slowed down and was moving at a rate of three and one half miles an hour, it not appearing that it was part of his duty or a recognized practice for him to leave the truck while it was in motion, voluntarily assumed a peril not contemplated by nor incidental to his employment; and, his death having resulted from the injuries so received by him, compensation could not be awarded to his dependent widow in proceedings under the workmen's compensation act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence and findings by the single member of the board are stated in the opinion. The findings were affirmed and adopted by the board in review. In the Superior Court, by order of *F. T. Hammond,* J., a decree was entered in accordance with the decision by the board. The insurer appealed.

The case was submitted on briefs.

*J. T. Connolly & W. R. Donovan,* for the insurer.

*W. B. Grant,* for the claimant.

CARROLL, J. The employee, while working as a garbage collector, was riding in a truck operated by the employer's chauffeur. The single member found that the truck slowed down and was proceeding at the rate of three and one half miles an hour when the employee attempted to alight. In so doing he fell and was run over by the truck, sustaining an injury resulting in death. The operator of the truck testified that his "custom was to come to a dead stop and let the men off. . . . He was going to stop on this particular morning; he had the foot brake partially on and the emergency brake partially on."

As we interpret the finding of the single member, the employee did not fall from the truck while waiting for it to come to a stop, but was in the act of alighting from it when it was in motion, and while doing so he fell and was run over.

If an employee voluntarily incurs a risk not contemplated by his contract of employment, nor incidental to it, he is not within the protection of the workmen's compensation act. The purpose of the act is to compensate employees for injuries arising out of and in the course of their employment. But an injury does not arise out of an employment when the risk is one not fairly contemplated by the agreement of employment. If an employee goes outside the scope of his employment and incurs a danger of his own choosing and one altogether outside of any reasonable exercise of his employment, *Brice* v. *Edward Lloyd, Ltd.* [1909] 2 K. B. 804, 810, he cannot recover. There are numerous cases which uphold this principle. *Borin's Case,* 227 Mass. 452. *Koza's Case,* 236 Mass. 342. *Hurley's Case,* 240 Mass. 357. *DeCosta's Case,* 241 Mass. 303. *Jacobson's Case,* 248 Mass. 466, where an employee attempted to board a slowly moving truck. See *Rochford's Case,* 234 Mass. 93; *Haggard's Case,* 234 Mass. 330. In *Withers's Case,* 252 Mass. 415, the employee was injured in attempting to board a moving railroad train. It was held that he could not re-

cover. In that case it was said, at page 418, "The claimant voluntarily incurred an added peril not within the contemplation of his contract of service." On the findings of the single member, in the case at bar, which were adopted by the Industrial Accident Board, the employee "attempted to alight from the truck," he "was in the act of alighting." In doing this he voluntarily assumed an added peril which was no part of his employment.

We do not pass upon the question of the employee's rights if he were injured while leaving a moving truck if this were shown to be a part of his duty or a recognized practice. As we interpret the record there was no finding on this point. There was evidence that it was customary to come to a stop in order that the men might leave the truck. Nor do we think it necessary to decide the question of the claimant's right to recover if her intestate fell while waiting for the truck to stop. See *Johnson's Case*, 258 Mass. 489. On the findings of the board, the employee was in the act of alighting when he fell. On these findings, in the opinion of a majority of the court, the claimant did not make out her case.

*Decree reversed.*

*Decree to be entered for the insurer.*