CHARLES E. BATTS'S CASE.

Suffolk.    January 13, 1936. — September 9, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

Evidence, that an employee was injured while attempting to perform on his employer's premises his duty of entering an elevator from a sidewalk for the purpose of closing the elevator door, warranted a finding by the Industrial Accident Board that the injury arose out of and in the course of his employment, though before the injury he had started to leave the sidewalk to cross the street on an errand for himself, but had refrained from doing so and had proceeded along the sidewalk in his attempt to carry out his duty.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of findings and a decision by the Industrial Accident Board.

In the Superior Court, by order. of *Sisk*, J., a decree was entered awarding compensation in accordance with the board's decision. The insurer appealed.

*J. F. Casey*, for the insurer.

*H. T. Patten*, for the claimant.

DONAHUE, J. The employee was awarded compensation under the workmen's compensation act by a decree of the Superior Court, in accordance with findings of the Industrial Accident Board, for injuries resulting from a fall into the well of a freight elevator in a building occupied by his employer. The insurer appealed, contending that the injury did not arise out of and in the course of the employment.

The employee's hours of work were from 4:30 in the afternoon to 9:30 in the evening. His principal duties required him to be on an upper floor of the building answering telephone calls from purchasers of refrigerators from the employer who required some service in connection therewith and sending service men out in response to such calls. But it could have been found that included in his duties was the task of closing, each night, at some time after six o'clock, an outside elevator door at the street level, thus shutting off the elevator well from the sidewalk. There was evidence that in order to close the door it was necessary to enter the elevator car. The· elevator car could be entered from the inside of the building but according to the testimony of the employee he had been given no instructions as to the side from which he should enter the car and it was his usual custom to enter from the sidewalk. The elevator and a gate designed to protect persons who might seek to enter from the sidewalk were so constructed that, if working properly, the gate would prevent access from the sidewalk unless the elevator car was stopped at the sidewalk level. There was evidence that at the time of the accident the mechanism controlling the movements of the gate was not working properly.

On the night of the employee's injury, January 17, 1934, it was very cold. The employee on coming to work that day had parked his automobile across the street from the employer's building. At some time after six o'clock he went down stairs with the intention of examining his automobile and determining whether, on account of the cold, it was advisable to take it to a garage. Upon reaching the sidewalk, according to his testimony, he decided that instead of at once crossing the street to his automobile he would first close the outside elevator door. He went along the sidewalk to the elevator opening; it was dark; the gate was not across the opening as it should have been when the elevator car was not stopped at that level; he stepped into the open space; the elevator car was not there and he fell to the bottom of the elevator well.

There was evidence supporting the finding of the board that the employee received an injury arising out of and in the course of his employment. The injury came at a time when he was performing a duty which he was hired to perform, and the conditions existing on the employer's premises under which he was attempting to perform that duty could rationally have been found to have caused the injury. *McNicol's Case*, 215 Mass. 497, 499. *Slocombe's Case*, 285 Mass. 31, 35.

In what the employee was doing at the time he met injury he was not acting in his own interest or with a purpose unconnected with the work he was paid to do. This is not a case where an employee is injured before he has reached the place where he should begin the performance of his duties, compare *Savage's Case*, 257 Mass. 30, or a case where an employee is injured during a period of deviation from the performance of the duties of his employment. Compare *Horton's Case*, 275 Mass. 572, 573.

The employee in this case went no farther under the sway of his intention to examine his automobile than to walk from his desk in the building to the sidewalk. That intention was not further executed and became inoperative (see *Fitzgerald* v. *Boston & Northern Street Railway*, 214 Mass. 435, 439). Thenceforth his actions were governed entirely

by his intention to perform a duty required by his employment, the closing of the elevator door. When he walked up to the elevator opening he put himself in a position where he could do the work of his employer at the place where it had to be performed. *Rourke's Case,* 237 Mass. 360, 363. *Chernick's Case,* 286 Mass. 168, 172. He was injured, not during a period of deviation from the performance of duties of his employment, but at a time when he was endeavoring to perform a duty required by his employment.

*Decree affirmed.*