WILLIAM MAGUSKAS'S (dependent's) CASE.

Suffolk.    April 13, 1937. — June 30, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

Evidence warranted a finding by the Industrial Accident Board in a proceeding under the workmen's compensation act that an experienced freight elevator operator was acting within the scope of his duty in reaching into the shaft in order to pull the elevator cable and bring the elevator down to him from the floor above.

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

The insurer appealed from a decree entered by order of *Hurley*, J., in accordance with the decision of the board.

*P. B. Smith*, for the insurer.

*S. B. Horovitz*, (*B. A. Petkun* with him,) for the claimant.

QUA, J.    The Industrial Accident Board found these facts: The employee died as the result of a fall into the well of a freight elevator in a packing plant. He was the sole operator in charge of the elevator. In the course of his work he left the elevator at the fourth floor to do some errand. In his absence some unauthorized person moved the elevator to the fifth floor. It was the duty of the deceased to get it back to the fourth floor. Either the de-

ceased found the folding doors of the shaft on the fourth floor open, "or what is more probable he opened them," saw that the elevator was above him and reached into the shaft to pull the cable in order to bring the elevator down to the fourth floor. In so doing he slipped and fell into the shaft. These findings are supported by evidence.

The insurer contends that the employee adopted a dangerous and unauthorized method of regaining possession of the elevator and thereby stepped altogether outside the scope of his employment, so that his injury and death did not arise out of and in the course of his employment. Perhaps there was evidence tending in that direction. But the board could rest its decision upon the evidence most favorable to the claimant, and from that evidence it could find that the deceased employee, as the person in charge of the elevator, was obligated to take action at once when he discovered that the elevator had been moved without authority; that he was an operator of long experience thoroughly familiar with this elevator; that in the unusual circumstances which had arisen he would be expected to use his own judgment to a large extent; that the doors, if in fact they were closed, could be opened from the outside without damage and with no great difficulty; and that the cable was located not more than three feet inside the shaft.

The evidence might justify differing views as to the degree of danger involved in the method of performing his duty adopted by the employee and as to the desirability of that method as compared with the alternative of climbing up or down the stairs to search for the elevator, but there was nothing which as matter of law compelled a conclusion that the employee's conduct was so unreasonable as to amount to a complete departure from his employment and to deprive him of the protection of the act. *Swardleck's Case*, 264 Mass. 495. See *Batts's Case*, 295 Mass. 335. Compare *Lazarz's Case*, 293 Mass. 538. We think this case distinguishable from *Borin's Case*, 227 Mass. 452, *Koza's Case*, 236 Mass. 342, *Eifler's Case*, 276 Mass. 1, and other cases cited by the insurer where the employee

voluntarily assumed an added peril which was no part of his employment.

We do not think that this is a case where costs should be allowed under G. L. (Ter. Ed.) c. 152, § 14.

*Decree affirmed.*