JOHN WARAKOMSKI'S CASE.

Suffolk. January 8, 1942. — January 27, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Proximate Cause.*

A finding was warranted that an injury to an employee in a stiffening room of a hat factory, caused by his slipping while with his employer's implied permission he was using a tub of hot water supplied by the employer to clean shellac from rubbers which he wore in his employment, arose out of and in the course of his employment; and a finding was not required that it was caused by his serious and wilful misconduct.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation.

Evidence before the single member and the reviewing board was in part that the claimant was employed in the stiffening room of a hat factory; that at eleven o'clock at night, after his work for the day, he was using a tub of hot water and a brush furnished by the employer in cleaning shellac from rubbers that he customarily wore during his work, when he slipped and was injured; and that the employees in that department, "every one of them," cleaned their rubbers "all the time."

Among the findings of the single member, affirmed and adopted by the board, were the following: "The evidence shows that this employee and other employees habitually used this tub of hot water and soap powder furnished by the employer for washing their clothing soiled in the course of their employment and that they at least had the implied permission to so use these materials, and that their employer knew of it. Therefore, I find it to have become by mutual understanding an incident of the employment itself and I further find that the employee sustained an injury arising out of and in the course of his employment" and that "the employee's injury did not result from any assumed risk on his part."

In the Superior Court, the case was heard by *O'Connell*, J.

*F. A. Crafts*, for the insurer, submitted a brief.

No argument nor brief for the claimant.

LUMMUS, J. The insurer appealed from a decree awarding the employee compensation for an injury caused by the slipping of his foot into a tub of hot water. He was cleaning an accumulation of shellac from his rubber. The shellac accumulated on the rubber in the course of his employment. The injury could be found to arise out of his employment, and to be an incident of his employment. *Sylvia's Case*, 298 Mass. 27. The necessary causal relation could be found to exist between the employment and the injury. G. L. (Ter. Ed.) c. 152, § 26. *Higgins's Case*, 284 Mass. 345, 347. No serious and wilful misconduct was shown. G. L. (Ter. Ed.) c. 152, § 27. The difference be-

tween that and absence of causal relation is illustrated by *Lazarz's Case*, 293 Mass. 538.

*Decree affirmed.*