RAYMOND SCHNEIDER'S CASE.

Suffolk.　April 13, 1942. — April 29, 1942.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

</div>

Testimony, in a proceeding under the workmen's compensation act, by an employee, whose duty was to see that bags of coal loaded on a truck did not thereafter become displaced, of the circumstances in which he lay on his stomach on the floor of the truck with his legs

hanging out behind as it backed and his leg was caught between the truck and an embankment, warranted a finding that such injury arose out of and in the course of his employment and not from a hazard voluntarily incurred outside its scope.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation.

Testimony of the claimant before the single member of the board was in part as follows: He was employed as a laborer. Two employees worked on bagging coal and placing them on the truck; after they put the bags on the truck, it moved forward and stopped momentarily and they got on the back of the truck and lay there on their stomachs with their legs "dangling over the edge of the truck." The truck then backed up and the claimant tried to get out from between it and an embankment but was too late and his leg was broken. When he got on the truck he knew it was going to back up. He remained "in that same position" up to the time the accident happened. They had to "watch the coal bags in back." If the bags started to "tilt," they had "to hold them and steady them." In the position he was in he could watch the bags so that if they started to fall he "could get there to stop them." ' If a bag of coal started to fall he would have to "hoist himself on the truck" and go forward fifteen feet to where the bags of coal were. That was the reason he was on the back of the truck and in the position he was in. There was no reason why he could not have got his whole body on the truck. "It was just a matter of choice with him." He was not told to ride on the truck "in that special way that he did. He was on his stomach leaning on his hands so if the bags started to go he could pull himself up and save the bags." "On several occasions" previously in this yard, while loading trucks during working hours, he had ridden on trucks in the presence of his boss in the position he was in on the day of the accident, and the boss had not told him not to do so nor said anything to him about it.

The single member made, and the reviewing board adopted, the following findings: "The employee was on the

tail end of the truck with another helper, and as the chauffeur backed the truck to turn it, the employee, whose belly was on the truck and whose legs hung down over the end of it, was crushed by the truck backing up against a dirt banking of a railroad. The truck was loaded with bags of coal, three bags high, starting immediately in back of the chauffeur's cab, there being two or two and one half tons in all. It was the employee's duty, together with the other helper, to watch the bags and see that they did not fall off. He could have got up on the truck altogether, but as the driver was only going one hundred fifty or two hundred feet to another part of the yard, he did not do so, and there was not any requirement shown requiring him to so do." The employee's injury "arose out of and in the course of his employment . . . he did not incur an added hazard not contemplated by his employment at the time of his injury."

In the Superior Court, the case was heard by *Burns*, J., and in this court was submitted on briefs.

. *F. L. Flanagan*, for the insurer.

*A. B. Goodspeed*, for the claimant.

LUMMUS, J. There was evidence tending to prove the following facts. The employee was engaged in loading bags of coal upon a truck without tailboard or sides. The truck was not fully loaded and the employee lay on his stomach in the back of the truck trying to keep the bags of coal in position on the truck. His legs were dangling over the back of the truck. As the operator of the truck backed it up, to enable more coal to be loaded, the employee's right leg was broken when caught between the rear of the truck and a railroad embankment.

The Industrial Accident Board found a compensable injury, and the Superior Court awarded compensation. The insurer appealed.

It cannot be said that the employee voluntarily incurred a danger outside the contemplated scope of his employment, as in *Lazarz's Case*, 293 Mass. 538, *Wozniak's Case*, 299 Mass. 471, and *Eifler's Case*, 276 Mass. 1. The employee at the time of the injury was still engaged

in the work for which he was hired. In our opinion the injury arose out of and in the course of his employment.

*Decree affirmed.*