ROSE A. BARRETTE's CASE. October 28, 1942. Decree affirmed. This is a case under the workmen's compensation law. G. L. (Ter. Ed.) c. 152, as amended. It comes here on appeal from a decree of the Superior Court that the employee did not receive an injury arising out of and in the course of her employment and that her claim for compensation be dismissed. This decree

---

[1] An identical rescript issued in the case of Edward Mernagh vs. Wilford Lillie.

was in conformity with the findings of the reviewing board that "the employee, while on her lunch hour on the premises of the employer, slipped on some coffee which had been spilled on the floor and fell to the floor and received an injury to her right knee," that the "employee was at liberty to have her lunch on the premises or elsewhere," and that she "was not in the course of employment at the time of her injury." There are no other findings of fact by the reviewing board. It did not adopt the findings of the single member. The claimant's case must stand or fall on the findings of the reviewing board which was the trier of fact. Its findings "entirely superseded . . . [those] of the single member which thereafter became of no importance." *Ricci's Case*, 294 Mass. 67, 68. The burden rested upon the claimant of proving facts essential to establish her claim. *DiClavio's Case*, 293 Mass. 259, 262. The facts found by the reviewing board were insufficient for this purpose. The mere fact that she sustained an injury when on the employer's premises is not enough to establish liability. *Hallett's Case*, 230 Mass. 326, 328. *Babineau's Case*, 254 Mass. 214, 215. The findings made by the reviewing board were warranted by the evidence, and we need not inquire whether findings more favorable to the claimant would have been warranted since such findings were not made.

The case was submitted on briefs.

*W. A. Torphy & J. P. McGuire, Jr.*, for the claimant.
*R. A. Winslow & J. G. Leonard*, for the insurer.

The case was submitted on briefs.