## MARION B. KUBERA'S CASE.

Suffolk.    October 7, 1946. — November 12, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause.*

A finding that an employee sustained an injury arising out of and in the course of his employment within the workmen's compensation act was warranted where it appeared that he was struck by a backing automobile while standing on the steps of his employer's building during a regular short recess period, and that his presence there during the recess was in accordance with a custom known to and permitted by the employer, although it also appeared that he was not paid for the recess period and was at liberty to use it as he saw fit.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board in a workmen's compensation case.

The insurer appealed from a decree entered by order of *Good,* J.

*J. W. White,* for the insurer.

No argument nor brief for the claimant.

RONAN, J.   The employee worked in a laundry where the employees had a ten minute recess period in the morning and a similar period in the afternoon. They were not paid for the time included in these periods, and they could use this time in such a manner as they saw fit. The employees usually gathered upon the steps of the employer's building during these periods, where they engaged in general conversation and sometimes enjoyed refreshments which they procured from a nearby store. This practice was known to and permitted by the manager of the employer. While the claimant was standing upon the steps convers-

ing with fellow employees, she was struck and injured by an automobile which was backed up to the steps by another employee who was acting within the scope of his employment. The board found that her injuries arose out of and in the course of her employment. The insurer appealed from a decree awarding compensation.

The principal contention of the insurer is that the employee at the time of her injury was not under the control or supervision of the employer, that she was not paid for the time spent in a recess period, and that she was not engaged in the performance of anything connected with her work and therefore was not entitled to compensation.

These rest periods could be found to be one of the implied terms of the contract of employment or at least to constitute one of the working conditions at the plant of the employer. They are not uncommon in factories where women are employed. It is not unreasonable to assume that their existence is justified by the mutual benefit received by the employer and the employee. The use of the steps by the employees during these brief respites from labor must have been contemplated by both the employer and the employees during the continuance of employment. It could be found that the presence of the claimant on the steps was a natural and probable consequence of her employment, even though she had the right to decide whether she would spend her recess period there or remain within the factory. There was a causal connection between the employment and the injury if the employment exposed the employee to the risk which caused the injury. "An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects." *Caswell's Case*, 305 Mass. 500, 502. *Watkins* v. *New York, New Haven & Hartford Railroad*, 290 Mass. 448. *Sylvia's Case*, 298 Mass. 27. *Souza's Case*, 316 Mass. 332, 334.

An employee is not necessarily barred from compensation because his injury occurred during a rest period for which he was not paid. The fact that an employee was

injured while on his employer's premises before or after his regular hours of labor had begun or ended or during a regular intermission in the day's work, and while he was not actually engaged in the performance of the duties for which he was hired, does not preclude him from an award of compensation if at the moment of his injury he was occupying himself in some manner incidental to his employment. Rest and relaxation of an employee during a brief designated period, at a place upon the employer's premises commonly so used with the knowledge and assent of the latter, may be found to be incidental to employment. Many decisions covering this particular point and somewhat similar points have been recently collected in *Souza's Case,* 316 Mass. 332, 335, *Murphy* v. *Miettinen,* 317 Mass. 633, 635, 636, *Rogers's Case,* 318 Mass. 308, 309, and *Bradford's Case,* 319 Mass. 621, 622–623.

The instant case more nearly resembles *Holmes's Case,* 267 Mass. 307, than *Babineau's Case,* 254 Mass. 214, upon which the insurer relies. This latter case was held in *Holmes's Case* to be distinguishable from it. In *Barrette's Case,* 312 Mass. 697, we held that upon the facts found a decree dismissing the claim was right, and that it was unnecessary to inquire whether findings more favorable to the claimant would have been warranted. In any event, we prefer to follow the trend pointed out in the recent cases we have cited.

*Decree affirmed.*