*Southern District*

## ANASTACIO GUERRINI
### v.
## ALBERT HOLBROOK

*Present:* Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Lee, J.,* in the Fourth District Court of Bristol. No. 16970.

*Sgarzi, J.* In this action of tort recovery is sought for personal injuries sustained as the result of the negligent operation of a motor vehicle by the defendant upon premises of the Mansfield Bleachery in the Town of

Foxboro. The answer is a general denial, allegation of contributory negligence, denial of agency, violation of law by the plaintiff and the further allegation that the plaintiff is precluded from recovery by the provisions of the Workmen's Compensation Law contained in G. L. c. 152, §15.

*At the trial the following facts were stipulated:*

1. The plaintiff and defendant at the time of the accident, were both in the employ of Mansfield Bleachery, but whether or not they were in the course of their employment at the time of the accident was not agreed upon.

2. The common employer, Mansfield Bleachery, was duly insured for workmen's compensation insurance in accordance with G. L. c. 152 on the accident date.

3. The accident occurred on a parking lot owned by Mansfield Bleachery and maintained by Mansfield Bleachery for employee parking.

4. The plaintiff had parked his car in the Mansfield Bleachery parking lot before the time of his alleged accident and the accident occurred on the parking lot.

5. At the time of the accident, the defendant was driving his motor vehicle preparatory to parking it in the Mansfield Bleachery parking lot before reporting for work.

6. The plaintiff had not reserved his common law rights under G. L. c. 152, §24 prior to the happening of the accident.

In addition to the facts so stipulated *there was testimony at the trial tending to show that* the plaintiff was due to commence work at the bleachery at 6:00 A. M. but arrived at 5:40 A. M. so that he could perform an errand of his own. He parked his car, walked to the guardhouse in the parking lot to pick up a carton of cigarettes which had been left there for him by a friend by pre-arrangement and while walking back to his car where he planned to leave the cigarettes and go from there to his work, he was struck by the defendant's automobile under circumstances which would warrant a finding of negligence on the part of the defendant operator and the further finding that the plaintiff was in the exercise of due care. The plaintiff sustained a cerebral concussion, contusions of the head, chest, left hip and knee and sprain of the spine. He was absent from work for six weeks and then returned to work. He was allowed to testify that after his return to work he suffered several dizzy spells. One of these occurred four or five weeks after his return, the next two months later and a third some time in May, the accident having occurred on January 3, 1958. On each of these occasions he had pain in his head and was either taken home or outside. The defendant objected to the admission of this testimony and seasonably claimed his report but did on cross examination pursue the subject at length. The plaintiff was confined to a hospital for six days after the accident and

the only evidence concerning his physical condition was the hospital record and his own testimony. The defendant was not identified at the trial but was referred to as "he" and by "a motion of the head."

The judge found for the plaintiff and made the following special findings of facts:

"I find that the plaintiff was not injured by an occurrence pertaining to or incidental to his employment but was off on a diversion of his own at the time of the accident. I find that the plaintiff's work day began at six o'clock in the morning and that on this particular day he arrived in the parking area of the Company lot some fifteen minutes before six A. M. and went to the guard box to get a carton of cigarettes from the guard for his personal use and was returning to the car with the cigarettes before six A. M. when the accident occurred. I further find that the defendant's negligence in the operation of his car was the sole cause of this injury. I find that the trauma was not only the cause of the plaintiff's immediate injuries of a cerebral concussion, contusions of the head, chest, left hip and knee, and sprain of the spine, but also was the cause of the plaintiff's subsequent dizzy spells which was put in evidence."

Both parties seasonably filed requests for rulings of law. Without reciting these requests in detail, the treatment of them by the trial justice raises for the consideration of this Division three questions:

1. Does the evidence require a finding that the plaintiff's exclusive remedy is under the Workmen's Compensation Act and is the Act an effective bar to this action?

2. Was there prejudicial error in the admission of evidence concerning dizzy spells experienced after return to work without expert medical testimony establishing causal relationship?

3. Was the defendant sufficiently identified?

[█ G. L. c. 152, §15 provides that when an employee who has not elected to retain his common law rights under §24 sustains an injury caused by "some person other than the insured" he may proceed either at law against that person or against the insurer for compensation under the Act. It has been held that a fellow employee is not a "person other than the insured" within the meaning of the Act and therefore the injured employee cannot maintain an action against him but must rely upon his remedies under the Act. *Bresnahan v. Barre,* 286 Mass. 593; *Caira v. Caira,* 296 Mass. 448. However, in order for a defendant to escape responsibility for his negligent acts and for the responsibility to fall upon the insurer of their common employer it must be made to appear that at the time of the injury each of the employees was acting within the scope of his employment and the injury was one which arose out of and in the course of the employment. *Murphy v. Miettinen,* 317 Mass. 633; *Wechsler v.*

*Liner,* 328 Mass. 152; *Thomas v. Fritz,* 318 Mass. 622.

An injury arises out of and in the course of employment if it arises out of the nature, conditions, obligations or incidents of the employment, or if it is sustained while the employee is upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment. *Zapponi v. Central Cons. Co.,* 334 Mass. 146; *Caswell's Case,* 305 Mass. 500; *Souza's Case,* 316 Mass. 332. But if an employee is injured while he is doing something that is not related to the duties and obligations of his employment the injury is not compensable and he does not come within the scope of the Act. *Borin's Case,* 227 Mass. 452; *Rochford's Case,* 234 Mass. 93; *Eifler's Case,* 276 Mass. 1; *Lazarz's Case,* 293 Mass. 538.

In *Horton's Case,* 275 Mass. 572 where an employee while returning from a toilet room left the corridor and entered a locker room where he was not called upon by the terms of his employment to be, for the purpose of getting a newspaper, and was injured it was held that the injury did not arise out of and in the course of his employment.

In this instant case it is significant that the plaintiff at the time of his injury was engaged in an errand of his own. There was nothing in the nature, conditions, obligations or incidents of his employment involved in going to the guard box to obtain cigarettes for his

personal use. The finding of the judge that the injury was not incidental to his employment was therefore clearly warranted.

■■  The admission of evidence concerning dizzy spells which occurred after the plaintiff returned to work also involved no prejudicial error. It is the contention of the defendant that this evidence should have been supported by expert medical testimony in order to establish causal relationship. It is of course true that where causal relation is a matter beyond the common knowledge and experience of the ordinary layman, proof of causation must rest upon medical testimony. *Sevigny's Case,* 337 Mass. 747; *LeBlanc's Case,* 334 Mass. 265; *Josi's Case,* 324 Mass. 415; *Toy v. Mackintosh,* 222 Mass. 431; *Crowley's Case,* 287 Mass. 367. However where the circumstances are such that disability and injury can be fairly related as a matter of general human knowledge and experience, no medical testimony is required. *Lovely's Case,* 336 Mass. 512; *D'Entremont v. Boston Cons. Gas Co.,* 320 Mass. 582; *Flynn v. Growers Outlet Inc.,* 307 Mass. 373; *Comeau v. Beck,* 319 Mass. 17.

There was evidence here apparently disclosed by the hospital record that the plaintiff sustained a cerebral concussion and contusions of the head and chest. The testimony in question was to the effect that after returning to work he had pains in the head and suffered dizzy spells. As stated in *Lovely's Case,* supra, "Medical testimony is highly

desirable in all cases and its absence is a proper ground for concern." But we are of the opinion that pains in the head and dizzy spells can reasonably be related to a cerebral concussion even if they occur some time after the injury as a matter of common knowledge and experience.

It may be further observed that while the defendant objected to the testimony when offered by the plaintiff he himself pursued the subject at length in cross examination, therefore any error in the admission of the testimony has been rendered harmless. *Martineau v. Foley,* 231 Mass. 220; *Davis v. Hotels Statler Co. Inc.,* 327 Mass. 28.

We are left with the question of identity. It is contended that the defendant was not identified at the trial. In this Commonwealth bald identity of name is not sufficient to prove identity of person without confirmatory facts or circumstances. *Herman v. Fine,* 314 Mass. 67; *Ayers v. Ratshesky,* 213 Mass. 589; *Hinds v. Bowen,* 268 Mass. 55. But in this case there are confirmatory facts and circumstances. The defendant was referred to in testimony by the word "he" and by "a nod of the head." In addition in stipulations 1 and 5 the defendant admits that he is the person who was a fellow employee of the plaintiff and also that at the time of the accident he was operating a motor vehicle in the parking lot of their common employer. These circumstances were ample to support the denial of defendant's request for ruling

No. 14 that a finding for the defendant was required because he was not identified at the trial.

We find no prejudicial error and the report should be ordered dismissed.

Ernest L. White of Mansfield, for the Plaintiff.
John F. Finnerty of Boston, for the Defendant.