YVONNE LEBLANC'S CASE. December 9, 1975. The employee, a waitress-bartender, fell and was injured while at work. The question raised on appeal from the judgment of the Superior Court is the amount of the employee's average weekly wage for compensation purposes. On the basis of her employer's wage schedule the single member, whose findings and decision were adopted by the reviewing board with modifications, calculated her average weekly wage to be $36.80 to which he added a $5.00 allowance for meals and $45.00 a week for tips (total average weekly wage, $86.80). On appeal from the decision of the board, the judge, discounting the testimony of the employee with respect to her income from tips, found her total average weekly wage to be $36.80. In addition to the obvious miscalculation by the single member in including an allowance for meals where such an allowance was already included in the schedule from which he computed her average weekly wage, the evidence, as matter of law (*Hachadourian's Case,* 340 Mass. 81, 85-86 [1959]; compare *Chapman's Case,* 321 Mass. 705, 707 [1947]), does not support his finding of $45 a week for tips as an increment of her average weekly wage. The judge erred in denying the employee's motion for recommittal to the board for further findings of fact with respect to the employee's average weekly wage. Her appeal from the judgment is sustained. The judgment is set aside. A new judgment is to be entered in the Superior Court remanding the case to the board for further findings consistent with this opinion, including findings pertinent to that portion of the employee's average weekly wage

derived from tips (see *Messersmith's Case,* 340 Mass. 117, 120, 124 [1959]) and to correct the miscalculation in the allowance for meals.

*So ordered.*

*Joseph D. Ward* for the employee.
*Timothy H. Donohue* for the insurer.