BURDETT H. MILLIMAN'S CASE.

Berkshire.    September 15, 1936. — October 27, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.  *Proximate*
    *Cause.   Words,* "Particular place."

An employee who was required by his contract of employment to accept
    transportation furnished by the employer in travelling each way
    between his home and his place of work on his employer's land and
    who, while waiting on that land near the highway for the employer's
    truck to take him home at the end of the day's work, was struck by
    an automobile turning off the highway, properly could be found to
    have received an injury arising out of and in the course of his employ-
    ment within the workmen's compensation act.

CERTIFICATION to the Superior Court under the provisions
of the workmen's compensation act of a decision by the In-
dustrial Accident Board awarding compensation.

In the Superior Court, by order of *Burns,* J., a decree was
entered in accordance with the decision by the Industrial
Accident Board.   The insurer appealed.

*J. F. Noxon & M. L. Eisner,* for the insurer, submitted a
brief.

*W. A. O'Hearn,* for the claimant.

FIELD, J.   This is a workmen's compensation case.
G. L. (Ter. Ed.) c. 152.   From a decree ordering the pay-
ment of compensation to the employee the insurer appealed.
The employee admittedly sustained a personal injury.   The
only question for determination is whether on subsidiary
findings of the Industrial Accident Board warranted by the
evidence the employee's injury arose "out of and in the
course of his employment" as the board decided.   § 26.

The board made these subsidiary findings of fact: The
employee was employed as a painter by the Mount Hope
Farm.   The employer's premises consisted of about four-
teen hundred acres of land with forty tenement buildings.
The "employee's work took him to various parts of the

farm, and it was part of the employment agreement that transportation was to be furnished by the employer from a point nearest to the employees' homes to the different places of employment. It was a condition of the employment that the employees were to use the transportation furnished by the employer and were barred from using their private cars." The house in which the employee worked on the date of the accident was about one and one half miles from his home. On the morning of February 9, 1935, the employee "was picked up . . . in accordance with the daily routine, near his home and transported by truck, furnished by the employer, to a point near a driveway in front of . . . a section of the Mount Hope Farm . . . at which place the employee was assigned for work that day. Shortly before 4:30 P.M., in accordance with the usual practice, and . . . in accordance with instructions given him, the employee . . . proceeded to this point on the driveway of land of the employer to await the coming of the truck which would take him to his home. He proceeded . . . to a point about six feet from the travelled part of the highway" on land of the employer in front of the house where he had been painting and while waiting there was struck by an automobile operated by another employee and injured. The board found that "the only occasion for this employee's presence at the aforementioned place and at this specific time was the fact of his employment," and that "it was a necessary incident of his employment for this employee to be at this particular place at this time in order that he might board the truck which was expressly provided by the employer as a means of transportation, this being in conformity with his employer's instructions."

The subsidiary findings were warranted by the evidence. The insurer objects to the finding last recited with special reference to the words "particular place." It is apparent, however, from the context, that these words are not to be construed with mathematical exactness, but mean a place at or near the driveway where the employee could board the truck. With the words so construed the finding ob-

jected to was warranted by the evidence. The employee on the findings was at such a place.

The subsidiary findings support the conclusion that the employee's injury arose "out of and in the course of his employment." According to these findings his employment for the day had not come to an end when the accident occurred. Though the employee when injured was on his way home he was on his employer's premises where his employment carried him. See *Mannering's Case*, 290 Mass. 517, 519, and cases cited. Under the agreement of employment transportation of the employee to and from his work by the employer was an incident of the employment. *Donovan's Case*, 217 Mass. 76. *Vogel's Case*, 257 Mass. 3, 4–5. Compare *Lee's Case*, 279 Mass. 357, 361. The employee while waiting on his employer's premises for such transportation had not gone outside the scope of the employment. Compare *Horton's Case*, 275 Mass. 572, 573; *Eifler's Case*, 276 Mass. 1, 2. The risk of injury while he was so waiting was a hazard to which his employment exposed him. This hazard included the risk of being struck by an automobile. *Bresnahan* v. *Barre*, 286 Mass. 593. See also *Keaney's Case*, 232 Mass. 532. Though the risk of his being struck by an automobile turning off the travelled part of the way onto the employer's premises resembled the risk to which pedestrians travelling on public ways are exposed, it was not a risk common to such travellers but was a special risk of the employment. *Hornby's Case*, 252 Mass. 209, and similar cases relied on by the insurer are not controlling. A causal relation between the employment and the employee's injury is shown. Since the injury did not arise out of a risk of the street discussion of the statute providing for compensation for an injury "arising out of an ordinary risk of the street" is not required. See G. L. (Ter. Ed.) c. 152, § 26.

*Decree affirmed.*