Americo Zapponi *vs.* Central Construction Company.

Suffolk. April 5, 1956. — May 8, 1956.

Present: Qua, C.J., Wilkins, Williams, Counihan, & Whittemore, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Agency,* Scope of authority or employment. *Actionable Tort. Practice, Civil,* Ordering verdict.

An injury sustained by an employee of a contractor preparing certain streets in a city for resurfacing when a truck of the contractor hit a wooden barrier placed in one of those streets to bar access thereto, causing the barrier to fly up and strike the employee, just after he had gotten out of an automobile of a fellow employee in order to move the barrier aside and let the automobile pass, as a matter of law arose out of and in the course of his employment where it appeared that the

streets were closed to the public but were available for use by the contractor's equipment and by his employees' automobiles, that on the morning of the day of the accident the fellow employee had brought the injured employee to their place of work on the streets in his automobile and had parked it there, and that at the time of the accident they were starting home at the close of work for the day; and the injured employee, who had not reserved his rights at common law, could not recover in an action of tort against the contractor, a subscriber under the workmen's compensation act.

TORT. Writ in the Superior Court dated September 15, 1952.

The action was tried before *O'Connell, J.*

*Leo J. Hession,* for the defendant.

*Robert A. Stanziani,* for the plaintiff.

WHITTEMORE, J. The plaintiff had a verdict in this action of tort against his employer to recover for injuries sustained when the defendant's truck hit a wooden "Do Not Enter" street barrier causing it to fly up and hit the plaintiff. The defendant duly excepted to the refusal of the trial judge to direct a verdict in its favor. The defendant was insured under the workmen's compensation act and the plaintiff had not reserved his common law rights against his employer under G. L. (Ter. Ed.) c. 152, § 24, as amended by St. 1943, c. 529, § 6. We hold that a verdict should have been directed. As a matter of law, the accident arose out of and in the course of the plaintiff's employment and the plaintiff's sole remedy was under the workmen's compensation act, G. L. (Ter. Ed.) c. 152.

The facts are not in dispute.

On the date of the accident and for sometime prior thereto the plaintiff was one of a number of the defendant's employees who had been working on Biltmore Street and the adjoining Lamartine Street in the Jamaica Plain district of Boston, preparing the streets for subsequent resurfacing. The streets "were closed to the comings and goings of vehicular traffic." The plaintiff regularly rode to and from work as a guest in the automobile of a fellow employee. On the day of the accident, as was the practice, the automobile with the plaintiff as a passenger was driven over

Biltmore Street onto Lamartine Street and parked on that street "near where they were working." The plaintiff worked on both streets until 3:30 P.M. when he ceased work for the day and entered the automobile and began the journey home along Biltmore Street with the fellow employee driving. "Due to the condition of Lamartine Street, the only route which led to a public way not then being worked upon by the defendant was along Biltmore Street. Both Biltmore Street and Lamartine Street, in the direction the plaintiff wanted to go en route home . . . [were] closed to the public." A few feet in on Biltmore Street, from another and intersecting way, Chestnut Street, stood the subject wooden barrier with its "Do Not Enter" sign which kept traffic from entering upon Biltmore Street. The automobile was driven along Biltmore Street to this sign. The plaintiff got out and moved the sign to let the automobile pass. The automobile then proceeded on to Chestnut Street to wait for the plaintiff. The plaintiff saw a truck of the defendant approaching along Biltmore Street driven by another of the defendant's employees. He waited for the truck to pass intending to replace the sign after it had done so. However, the truck stopped beside him and he then decided to leave the sign where it was and go to the automobile in which he was a passenger. As he walked around the rear of the truck the truck started forward and hit the barrier which then hit the plaintiff.

For purposes of determining the rights of an employee who came to work in an automobile which was left at the job, the reserved parts of Biltmore and Lamartine streets constituted the place of employment[1] and as such are like "employer's premises" within the significance of the rule that accidents occurring on the employer's premises while going to or from the particular job stations of the employee may be found to have occurred within the scope of the em-

---

[1] The place of employment would perhaps require more precise definition in the case of an employee who came to work on foot. In such a case, for example, going upon an immediately adjacent public sidewalk after ceasing work would appear to be a relevant factor regardless of the location of the street barrier.

ployment. *Rogers's Case,* 318 Mass. 308, 309, and cases cited. *Warren's Case,* 326 Mass. 718, 719–721. See *Doherty's Case,* 294 Mass. 363, 368, where we said, "We do not mean to intimate that . . . those portions of the way upon which . . . work is actually done might not be deemed to be 'the premises on which the contractor has undertaken to execute the work' under § 18 [of c. 152]"; and *Carlson* v. *Dowgielewicz,* 304 Mass. 560, 563, where in respect of an injury to an employee on the highway caused by a subcontractor's truck we said that "the injury occurred 'in or about the premises' on which the truck owner had 'undertaken to execute the work for the insured.'"

The plaintiff had only a limited right on the closed parts of Biltmore Street or Lamartine Street as a member of the public. It is plain that he entered the premises inside the wooden barrier, in a vehicle, as an employee of the defendant. In order to leave the premises he had to move the barrier. He did this as one who was entitled to be in the set off area as an employee. It was a risk of his employment on that job (*Souza's Case,* 316 Mass. 332, 334) that in getting to and from the premises he would be injured in the course of doing those things which made his passage possible, particularly from the passing, at the same time, of one of the defendant's vehicles used on the job.

It is possible that a barrier designed to close a street to public use, because of work being done on a part of it, would be placed far distant from the site of the work as a matter of public convenience, particularly if, as is often the case in the country, there was no nearby intersecting way. We think that that possibility is sufficiently negatived here even though the length of Biltmore Street as a suburban street between Lamartine and Chestnut streets is not stated in the record, and we do not intend to suggest what the holding should be in such a case. Here it was "these streets" which were being prepared for resurfacing. The plaintiff and other employees were "working on these two streets." The fair implication of the bill of exceptions is that the area inside the barrier was not only reserved from

the public but was available in connection with the defendant's work, for its trucks, its vehicles, its tools, and its employees' automobiles as well as for doing work on the surface of the street.

The plaintiff had not left this reserved area before the accident. The automobile had been placed in the morning "near where they were working." It is immaterial that, as suggested for the plaintiff, the automobile might have left the premises by way of Lamartine Street in the direction away from that in which the occupants wished to go home. That the employees had a choice in the way they drove from the premises did not alter their status thereon before they left after ceasing work. The street of course has aspects of a public way notwithstanding that it was "closed" and in other circumstances the plaintiff could have been on the street as a member of the public, on foot, or in a vehicle and disregardful of the barrier, rather than as an employee, but at the time of the accident and in the circumstances here shown, he was still there as an employee. "If the injury arises 'out of the nature, conditions, obligations or incidents of the employment . . . out of the employment looked at in any of its aspects' (*Caswell's Case,* 305 Mass. 500, 502), or if the injury is sustained while the employee 'is upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment' (*Souza's Case,* 316 Mass. 332, 335), the statutory requirement is satisfied." *Moore's Case,* 330 Mass. 1, 3–4, and cases cited.

We find no disputed question of fact which should have been left to the jury, the answer to which, under appropriate instructions, would have determined whether the status of employment had ended. A directed verdict was required. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 34–35. *Adiletto* v. *Brockton Cut Sole Corp.* 322 Mass. 110. Compare *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560; *White* v. *Checker Taxi Co.* 284 Mass. 73, 75.

*Exceptions sustained.*
*Judgment for the defendant.*