Rescript Opinions.

FRANCES L. THOMPSON & another *vs.* CHARLES W. GRAHAM. April 4, 1966. In this multiple action of tort for personal injuries, property damage, and consequential damages, the defendant excepted to certain admissions and exclusions of evidence, as well as to various portions of the judge's charge, on the basis that the charge failed in properly apprising the jury of the law applicable to the case. We have reviewed the charge and, in our view, the jury were not properly instructed relative to the burden of proof, to the issues of negligence and due care, and to the status of the plaintiff, Herbert Thompson, in his car in which he was a passenger at the time of the accident. We thus must conclude that the charge did not constitute a statement of the law to the jury sufficient in the circumstances. *Bell* v. *Dorchester Theatre Co.* 308 Mass. 118, 123–124. *Sullivan* v. *Sullivan,* 333 Mass. 512, 514.

*Exceptions sustained.*

*John J. C. Herlihy (Neil L. Lynch* with him) for the defendant.
*Joseph J. Hurley* for the plaintiffs.

MARY MAHAN's CASE. April 5, 1966. There was no error in the final decree ordering compensation paid to Mary Mahan for her injury on November 8, 1962. The claimant was struck by a bus in the bus parking area of the Ashmont Station of the Metropolitan Transit Authority (MTA) about 5:45 A.M., as she was walking, on a route she had used for twenty-three years, to the newsstand of the Union News Company, her place of employment on the station platform. Her required reporting time had been changed from 6 A.M. to 7 A.M. but, as was her habit, she continued to open the stand at 6 A.M. and "gave them an hour." The board could find that the claimant's employment began at 6 A.M. Arriving at about 5:45 A.M. was clearly reasonable and was in the course of employment. *Murphy* v. *Miettinen,* 317 Mass. 633, 635–636. The contract between the MTA and the employer gave free admittance to such employees to the "rapid transit premises where they have duties to perform." The reviewing board's findings that the parking area where the claimant left the bus was contiguous to the area where her news booth stood and that she was proceeding directly to the booth were permitted and support the conclusion that the injury arose out of her employment. *Sundine's Case,* 218 Mass. 1. *Stacy's Case,* 225 Mass. 174, 176. *Mannering's Case,* 290 Mass. 517, 519–520. It is not controlling that patrons of the MTA did not continue on the buses into the parking area, that there was at least one other safer, but less convenient, way to reach the booth, or that the public was barred from entering the station from the yard. The board was not obliged to conclude that the route was not available to employees or that the claimant had no right to use it. As the board noted, there was no evidence that she had ever been instructed or forbidden to proceed as she did. The decree is affirmed. Costs and expenses shall be allowed by the single justice.

*So ordered.*

*Daniel A. Canning* for the insurer.
*M. Elizabeth Foley* for the employee.