ROBERT L. LEE *vs.* DENNIS PELLETIER & another.[1] May 20, 1985.
*Workmen's Compensation Act,* Common employment, Injuries to which act applies.

The record submitted to the Superior Court, Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974), shows the following undisputed material facts. Both Lee and the individual defendant, Pelletier, were employees of the corporate defendant (RCA). See G. L. c. 152, §§ 1(4) and (5). On November 4, 1982, Lee finished work at approximately 3:00 P.M. and, about 15 minutes thereafter, went to RCA's parking lot where he entered his automobile and started to drive toward the entrance to RCA's premises on Route 62 along an access road controlled by RCA. Approximately one-half a mile from the

---

[1] R.C.A. Corporation.

parking lot and 400 to 500 feet from Route 62, while still on property leased and controlled by RCA, Lee became involved in a collision with a vehicle driven by Pelletier. At the time, Pelletier was being trained by another RCA employee to operate a five-ton truck. Lee asserted that he was stopped behind Pelletier at a stop sign (at the intersection of two of RCA's access roads) when, without warning to Lee, the truck moved in reverse and collided with Lee's car. Lee's complaint seeks to recover from Pelletier for negligence and from RCA for negligence and negligent entrustment of the truck to Pelletier. A Superior Court judge correctly granted the defendants' motion for summary judgment on the authority of *Connolly* v. *Miron,* 353 Mass. 654, 655 (1968), because Lee's exclusive remedy against both defendants lay under G. L. c. 152. Lee has appealed.

Lee did not reserve his right of action at common law and, therefore, may not pursue his claims against either defendant because his injuries are compensable under G. L. c. 152, §§ 15 and 24 (workers' compensation). *Saharceski* v. *Marcure,* 373 Mass. 304, 306-307 (1977). It is undisputed that Pelletier was engaged in the course of his employment at the time of the injury. At the time Lee was injured, he was leaving RCA's premises at the end of his day's labor and was "occupying himself consistently with his contract of hire in [a] manner pertaining to or incidental to his employment." *Baran's Case,* 336 Mass. 342, 344 (1957). His injuries, which occurred on an access road controlled by RCA (and, presumably, provided for its employees' use) arose out of and in the course of his employment. See *Adiletto* v. *Brockton Cut Sole Corp.,* 322 Mass. 110, 112 (1947); *Baran's Case,* 336 Mass. at 344; *Connolly* v. *Miron,* 353 Mass. 654, 655 (1968), and cases cited in these decisions. The circumstances that the general public may have been permitted to use the property and that the local police were accustomed to use it do not affect the stipulated evidence that the scene of the collision was on premises controlled by RCA.

This is not a proper case for application of the rule disallowing compensation under c. 152 for injuries to employees "going to or coming from their work" when off premises controlled by the employer. Compare *Chernick's Case,* 286 Mass. 168, 172 (1934); *Comeau* v. *Hebert,* 352 Mass. 634, 635 (1967, where the record did not indicate whether the accident occurred on premises controlled by the employer); *Gwaltney's Case,* 355 Mass. 333, 335 (1969); *Maguire's Case,* 16 Mass. App. Ct. 337, 339-341 (1983).

The Massachusetts law in this area appears to be clear. We see no occasion for considering cases from other jurisdictions. Any change in the law is for the Legislature. See Locke, Workmen's Compensation §§ 237, 652 (2d ed. 1981).

*Judgment affirmed.*

*John E. Sutherland* for the plaintiff.
*John F. Burke, Jr. (Thomas P. Mulvey, Jr.,* with him) for the defendants.