KIERAN M. KELLY'S CASE. No. 10-P-196. February 4, 2011. *Workers' Compensation Act,* Reimbursement of insurer, Total incapacity.

Arbella Indemnity Insurance, Inc. (insurer), appeals from a decision of the reviewing board of the Department of Industrial Accidents (board). The insurer claims that the board erred in affirming the administrative judge's ruling that it was not entitled to reimbursement from the Worker's Compensation Trust Fund (fund) pursuant to G. L. c. 152, § 37. We affirm the board's decision.

While working at Walsh Hannon & Gladwin Specialists, Inc., the employee, Keiran Kelly, suffered an injury to his back, resulting in significant disability. Consequently, the employee filed compensation claims against the insurer for temporary total incapacity pursuant to G. L. c. 152, § 34, and for partial incapacity pursuant to G. L. c. 152, § 35. The employee did not, however, file a claim under G. L. c. 152, § 34A, for permanent total incapacity. The insurer denied the employee's claims, resulting in a conference pursuant to G. L. c. 152, § 10A, before an administrative judge on September 7, 2005.

Following the conference, the insurer was ordered to pay § 34 benefits. The insurer appealed from the order, and a G. L. c. 152, § 11, hearing was scheduled for May 22, 2006. The hearing never commenced, however, as the parties elected to enter into settlement discussions instead. On June 13, 2006, the employee reached a settlement agreement with the insurer in the amount

---

of $67,500, minus attorney's fees and expenses of $13,000 and $1,000 for inchoate rights.

The insurer petitioned for reimbursement from the fund for seventy-five percent of the net settlement pursuant to § 37, resulting in another § 10A conference before the same administrative judge.[1] At the conference, various medical reports were introduced. The judge paid particular attention to the reports of Dr. Robert Levine and Dr. Angela O'Neal, since these were the only available reports at the time the insurer entered into the settlement agreement.[2] Dr. Levine, an independent physician who examined the employee on behalf of the insurer, opined that although "at the present time [the employee] is not able to return to his regular work, [he] is capable of modified work where lifting is limited to no more than approximately [twenty] pounds . . . ." Dr. O'Neal made a similar diagnosis, stating that the employee has "a very labor-intensive job" and is "currently medically disabled permanently." Dr. O'Neal noted, however, that the employee was still capable of lifting ten to fifteen pounds. Upon consideration of these reports, the judge found that although there was evidence that the employee was disabled and unable to perform his previous job, there was no evidence suggesting that he was totally disabled from all occupations.

In addition to the medical reports, the administrative judge made note of the relatively low settlement figure along with the fact that the employee had never filed a claim for § 34A benefits. In light of all the evidence, the judge found that the insurer had failed to prove that it was reasonable to allocate any portion of the settlement to § 34A, and therefore was not entitled to reimbursement from the fund under § 37.[3] The judge's decision was affirmed by the board on appeal.

*Discussion.* The insurer argues that the board should have reversed the administrative judge's decision because he erroneously determined that there was no basis for § 34A liability.[4] "According to G. L. c. 152, § 11C, as amended by St. 1991, c. 398, § 31, '[t]he reviewing board shall reverse the decision of an administrative judge only if it determines that such administra-

---

[1]Although there is no reference to § 34A (total and permanent incapacity) in the lump sum agreement, the insurer claimed that the entire net payment to the employee of $43,826.46 was attributable to § 34A exposure. The insurer petitioned for $32,869.85, representing seventy-five percent of that figure.

[2]Dr. Levine's report is dated June 9, 2005, while Dr. O'Neal's report is dated November 15, 2005.

[3]General Laws c. 152, § 37, entitles insurers to be reimbursed by the fund for up to seventy-five percent of all compensation due under certain enumerated sections, namely § 34A. Section 37 does not permit reimbursement for compensation due under § 34 or § 35.

[4]The insurer raises two other issues on appeal, the first being that the board failed to address several of its arguments. This argument is without merit, as the board specifically noted that "[t]he insurer's myriad of other arguments on appeal have been considered, and we summarily affirm the decision with respect to all of them." The insurer also argues that the judge did not consider the medical testimony of several of its witnesses. In fact, it appears that the judge did consider all of the evidence. Nevertheless, "it is 'within the province of the [administrative judge] to accept the medical testimony of one expert and to discount that of another.' " *Coggin* v. *Massachusetts Parole Bd.*, 42 Mass. App. Ct. 584, 589 (1997), quoting from *Fitzgibbons's Case*, 374 Mass. 633, 636 (1978). Thus, it was not error for the judge to decline to credit certain testimony presented by the insurer.

tive judge's decision is beyond the scope of his authority, arbitrary or capricious, or contrary to law.' " *Hicks's Case*, 62 Mass. App. Ct. 755, 763 (2005). "Our review of the board's decision is a limited one." *Young's Case*, 64 Mass. App. Ct. 903, 904 (2005). "With these principles in mind, we review the findings of the administrative judge and the conclusions of the reviewing board." *Aetna Life & Cas. Ins. Co.* v. *Commonwealth*, 50 Mass. App. Ct. 373, 377 (2000).

Here, the administrative judge's decision was not beyond the scope of his authority, nor was it arbitrary and capricious or contrary to law. First, as the judge correctly pointed out, there was no medical evidence that the employee was permanently and totally disabled from all occupations at the time of the agreement. Additionally, there was no indication in the lump sum settlement agreement that any amount of the settlement was being allocated to § 34A, despite the fact that the form requires parties to "specify all allocations."[5] Although such an omission is not dispositive, it does serve as evidence as to whether the parties intended the settlement to be attributed to § 34A. The only pertinent language in the agreement mentions that the employee "continues to be totally disabled from work." This language is of little use, however, since one can be "totally" disabled temporarily or permanently. In any event, when read within the context of the agreement, it appears that this diagnosis refers only to the employee's ability to continue as a "skilled carpenter." There is no suggestion that he would be incapable of working in some other profession.

Finally, as mentioned by the judge, a successful claim under § 34A would have exposed the insurer to indemnity in excess of $1,436,362, an amount far greater than the relatively modest $67,500 agreed upon in the settlement. The significant discrepancy between the two figures further indicates that the agreed upon settlement did not reflect the parties' consideration of § 34A exposure.

Considering the medical evidence introduced, the lack of any reference to § 34A in the settlement agreement, and the appreciable disparity between the settlement figure and the insurer's actual § 34A exposure, we conclude that the administrative judge properly determined that the insurer had not met its burden of proving that it was reasonable to allocate any portion of the lump sum settlement to § 34A. Accordingly, the insurer is not entitled to reimbursement.

The decision of the board is affirmed.

*So ordered.*

*Jerry E. Benezra* (*W. Frederick Uehlein & Dorothy M. Linsner* with him) for the insurer.

*David A. Guberman*, Assistant Attorney General, for Workers' Compensation Trust Fund.

---

[5]We note that *Cosgrove* v. *Penacook*, 15 Mass. Workers' Comp. Rep. 166 (2001), on which the defendant relies, is distinguishable in this regard. In that decision, the settlement agreement contained specific language allocating $78,000 of the total lump sum to § 34A benefits.