## DANTE DiFRONZO'S CASE.

Suffolk. February 8, 2011. - April 12, 2011.

Present: IRELAND, C.J., SPINA, COWIN, CORDY, BOTSFORD, GANTS, & DUFFLY, JJ.[1]

*Workers' Compensation Act,* Judicial review, Double compensation, Injuries to which act applies, Coverage. *Administrative Law,* Agency's interpretation of statute.

The reviewing board of the Department of Industrial Accidents properly reversed a portion of an administrative judge's award assessing costs and a penalty of double back benefits against the insurer, pursuant to G. L. c. 152, § 14 (1), on the basis of the judge's conclusion that the insurer lacked reasonable grounds for defending the employee's claim, where the board did not err in construing the statutory standard of "reasonable grounds" as an objective, rather than subjective, standard [341-343]; where, given that the evidence provided adequate grounds for the insurer to present an alternative version of events (i.e., that the employee had finished his work day and was commuting home when he was struck by an automobile and injured), the board correctly concluded that the judge erred in finding that the evidence was uncontroverted that the employee was still working at the time of the accident [343]; and where the insurer had a plausible defense based on the recorded statement of a witness that the employee was on his way home at the time of the accident, given that an unresolved question of law would have emerged if the judge had credited the statement (i.e., whether a public street between two work zones crossed by an employee on his way home constituted the employer's premises for workers' compensation purposes). [343-345]

APPEAL from a decision of the Industrial Accident Reviewing Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Leonard Y. Nason* for the employee.

*Eugene M. Mullen, Jr.,* for the insurer & another.

COWIN, J. This is an appeal from a decision of the reviewing board (board) of the Department of Industrial Accidents (depart-

---

[1] Justice Cowin participated in the deliberation on this case and authored the opinion prior to her retirement.

ment) regarding the workers' compensation claim of the employee Dante DiFronzo. DiFronzo was denied benefits by the National Union Fire Insurance Company (insurer) after being struck by a motor vehicle in a public way.

An administrative judge awarded DiFronzo compensation and medical expenses, and unpaid interest due on each, and ordered the insurer to pay DiFronzo's attorney's fees. The judge concluded that the insurer had defended the claim without "reasonable grounds" for so doing, and ordered the insurer to pay both the entire cost of the proceedings and double back benefits[2] pursuant to G. L. c. 152, § 14 (1) (§ 14 [1]).

On appeal, the board reversed the § 14 (1) penalty of double back benefits and costs.[3,4] DiFronzo appealed from the board's decision to the Appeals Court, and we transferred the case here on our own motion. We affirm the decision of the board.

1. *Background.* DiFronzo was employed as a laborer on a large-scale construction project in downtown Boston, referred to as the "Big Dig" or Central Artery/Tunnel Project, one element of which involved the conversion of an elevated highway into a subterranean highway. The construction project was divided into "work zones" from which the public was excluded, but the adjoining streets remained open to the public. Workers on the project regularly crossed the public streets to move between work zones or for other work-related tasks.

On September 22, 1998, DiFronzo was crossing North Street soon after completing his regular work shift when he was struck by a motor vehicle.[5] At the time of the accident, DiFronzo had just finished putting away his tools and was proceeding in the

---

[2]General Laws c. 152, § 14 (1), provides that "if a subsequent order requires that additional compensation be paid, a penalty of double back benefits of such amount shall be paid by the insurer to the employee."

[3]The reviewing board (board) of the Department of Industrial Accidents took other action, see *infra*, but the reversal of the penalty of double back benefits and costs is the only matter at issue in this appeal.

[4]As both double back benefits and the costs of the proceeding "shall" be paid by the insurer where the insurer defends a claim without reasonable grounds, we assume that the board's decision to "reverse the § 14(1) penalty" reversed both the costs and double back benefits. See G. L. c. 152, § 14 (1).

[5]DiFronzo's regular work shift ran from 7 A.M. to 3:30 P.M. On the day of the accident, DiFronzo worked until at least 3:35 P.M. and thus had already begun working overtime. He was struck by the automobile at approximately 3:40 P.M.

direction of a work zone on the opposite side of North Street where the employer's trucks were located.

Two days after the accident, the insurer conducted a recorded interview with a witness who said he had been speaking with DiFronzo just prior to the accident. In that interview, the witness stated that, after he spoke with DiFronzo for ten to fifteen minutes, DiFronzo "saw his bus and he said [']I've got to go now that's my bus.[']" According to the account, DiFronzo then ran out into North Street where he was struck by the motor vehicle. The witness said DiFronzo commuted home from work on that bus route every day.

DiFronzo applied for workers' compensation benefits, but the insurer denied his claim on the basis that DiFronzo had finished his work day and was on his commute home when he was injured. DiFronzo then sought a hearing before an administrative judge of the department.

At the hearing, the insurer's prior interview with the witness was entered in evidence. DiFronzo, however, testified that he was crossing North Street at the time of the accident not for the purpose of catching a bus, but to use a two-way radio in one of his employer's trucks to contact his supervisor. DiFronzo said that he was going to tell his supervisor that the area where he worked was no longer manned, and to ask whether there was any further work to do.

Based on all the evidence in the case, the administrative judge credited DiFronzo's version of events. The judge granted DiFronzo total incapacity compensation, reasonable and necessary medical expenses, and interest due on unpaid benefits. The judge also awarded DiFronzo's counsel an enhanced attorney's fee and, pursuant to § 14 (1), assessed to the insurer the whole cost of the proceedings and a penalty of double back benefits for having defended the claim without reasonable grounds.[6] See G. L. c. 152, § 14 (1).

The insurer appealed to the board. The board affirmed the

---

[6]General Laws c. 152, § 14 (1), provides, in relevant part:

"[I]f any administrative judge or administrative law judge determines that any proceedings have been brought, prosecuted, or defended by an insurer without reasonable grounds: (*a*) the whole cost of the proceedings shall be assessed upon the insurer; and (*b*) if a subsequent order

award of compensation benefits, recommitted the case on the issue of the attorney's fees, and reversed the administrative judge's award of a § 14 (1) penalty. The sole question now on appeal is whether the board properly reversed the judge's award of a § 14 (1) penalty.[7]

2. *Discussion.* The workers' compensation statute directs that review of a decision of the board is to be in accordance with G. L. c. 30A, § 14 (7) (*a*)-(*d*), (*f*), and (*g*). See G. L. c. 152, § 12 (2). We may thus reverse or modify the board's decision when, inter alia, it is "based upon an error of law" or is "[a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law." G. L. c. 30A, § 14 (7) (*c*), (*g*). We accordingly consider "whether the decision is factually warranted and not '[a]rbitrary or capricious,' in the sense of having adequate evidentiary and factual support and disclosing reasoned decision making." *Carpenter's Case*, 456 Mass. 436, 439 (2010), quoting *Scheffler's Case*, 419 Mass. 251, 258 (1994).

This case calls for a construction of statutory text. We accord substantial deference to the interpretation of a statute by the agency charged with primary responsibility for its administration, although "ultimately the 'duty of statutory interpretation is

requires that additional compensation be paid, a penalty of double back benefits of such amount shall be paid by the insurer to the employee . . . .

"If any administrative judge or administrative law judge determines that any proceedings have been brought or defended by an employee or counsel without reasonable grounds, the whole cost of the proceedings shall be assessed against the employee or counsel, whomever is responsible."

[7]During the pendency of the recommitment by the board, DiFronzo filed a new claim for permanent and total incapacity benefits pursuant to G. L. c. 152, § 34A, and for psychiatric treatment. After a statutory conference pursuant to G. L. c. 152, § 10A, the administrative judge awarded DiFronzo ongoing G. L. c. 152, § 34A, benefits but denied the claim for psychiatric benefits. Both parties claimed a hearing. DiFronzo and National Union Fire Insurance Company (insurer) eventually reached an agreement as to DiFronzo's benefits and the attorney's fees that resolved all pending litigation. DiFronzo and the insurer stipulated that all issues to be determined upon recommitment by the board had been resolved, and DiFronzo then pursued his appeal of the board's decision as to G. L. c. 152, § 14 (1), penalties. That appeal is now before us.

for the courts.' " *Moss's Case*, 451 Mass. 704, 709 (2008), quoting *Slater's Case*, 55 Mass. App. Ct. 326, 330 (2002).

The double back benefits and costs assessed against the insurer by the administrative judge in this case were imposed pursuant to § 14 (1). That provision instructs that such benefits and costs are to be granted when a proceeding has been "brought, prosecuted, or defended by an insurer without reasonable grounds." G. L. c. 152, § 14 (1). In assessing the present case, both the administrative judge and the board adopted the standard of "reasonable grounds" set forth in *Gonsalves* v. *IGS Store Fixtures, Inc.*, 13 Mass. Workers' Comp. Rep. 21, 24 (1999). In that case, the board applied an objective standard of reasonableness, inquiring whether a "cautious and prudent person" would consider the grounds for bringing, prosecuting, or defending the proceeding to be reasonable. *Id.*

DiFronzo and the insurer agree with the board that the statute sets forth an objective rather than subjective standard, and we conclude as a preliminary matter that the board did not err in so construing the statute. The Legislature's decision to condition § 14 (1) penalties on the absence of "reasonable grounds" implies an objective inquiry.[8] Cf. *Police Comm'r of Boston* v. *Personnel Adm'r of the Dept. of Personnel Admin.*, 423 Mass. 1017, 1017 (1996) (endorsing objective, rather than subjective, inquiry to determine whether failure to give proper notice was "reasonable under the circumstances," as required by civil service statute, G. L. c. 31, § 38); *Choa* v. *Hotel Oasis, Inc.*, 493 F.3d 26, 36 (1st Cir. 2007) (construing statutory reference to "good faith and . . . reasonable grounds" to mean "good faith and objective reasonableness").

In applying this standard, the board inquired whether a "prudent insurer" would have defended the claim. Such a deter-

---

[8]While we affirm the broad outline of the board's approach, we do not think the board's adherence to *Gonsalves* v. *IGS Store Fixtures, Inc.*, 13 Mass. Workers' Comp. Rep. 21, 24 (1999), is wholly sound. That case cited our decision in *Coblyn* v. *Kennedy's, Inc.*, 359 Mass. 319, 323-324 (1971), for the proposition that "reasonable grounds" is synonymous with "probable cause." See *Gonsalves* v. *IGS Store Fixtures, Inc.*, *supra* at 24-25. Such interchangeability was suggested in *Coblyn* in the context of a false imprisonment statute. See *Coblyn* v. *Kennedy's, Inc.*, *supra* at 320, 326. To whatever extent those terms were synonymous in the context of the dispute in the *Coblyn* case, the same cannot be said of the present case.

mination of prudence is inherently contextual, and is informed by the holdings of our prior § 14 (1) cases. While we have not set forth a definitive standard, we have held that insurers were not without reasonable grounds where "[a] fair question of law" was presented, *Johnson's Case*, 242 Mass. 489, 493 (1922), or where an insurer's argument had "some plausibility," *Meley's Case*, 219 Mass. 136, 139 (1914).

We turn now to the facts of the case at bar. DiFronzo does not dispute that the insurer conducted a recorded interview in which the witness suggested that DiFronzo had run into the street to catch a bus. The administrative judge nonetheless stated in her decision that the evidence indicating that DiFronzo was still working at the time of the accident was "uncontroverted." The board, reviewing the opinion of the judge, concluded that the judge's decision in that respect was in error. We agree. Whatever the judge may have concluded as to the weight of that evidence in light of further testimony and evidence at the hearing, we think the evidence provided adequate grounds for the insurer to present an alternative version of events.

The existence of such support for an alternative narrative, standing alone, does not resolve the question before us. If it were clear that DiFronzo would be entitled to workers' compensation benefits even if he had, in fact, been crossing North Street to catch his bus, § 14 (1) penalties would likely be appropriate. We accordingly review the applicable law to determine whether the law was clear that DiFronzo would be due benefits in such circumstances.

An employee is due compensation when he "receives a personal injury arising out of and in the course of his employment, or arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer." G. L. c. 152, § 26. Massachusetts courts, like the courts of other States, have grappled with the question of compensability where employees were injured while coming from or going to the workplace. See 1 Larson, Workers' Compensation Law § 13.01 (2010). In *Fumiciello's Case*, 219 Mass. 488, 489-490 (1914), for example, we held that a claimant who was hit by a train on his commute was not due compensation because the railroad was not part of, or

connected with, the employer's plant, and because the employer did not control the railroad. That was true even though the claimant had to cross the railroad to reach the plant. *Id.* Consistent with such an approach, we have generally held that employees injured on their commute to and from work are not due workers' compensation benefits. See *Haslam's Case*, 451 Mass. 101, 101 (2008), quoting *Chernick's Case*, 286 Mass. 168, 172 (1934) (compensation "does not extend to cover employees going to and coming from their work"). See also *Gwaltney's Case*, 355 Mass. 333, 335 (1969).

Injuries occurring on the employer's premises, however, are generally compensable, even if the employee was injured while arriving or departing. See *Mendes* v. *Tin Kee Ng*, 400 Mass. 131, 134 (1987). See also *Milliman's Case*, 295 Mass. 451, 452-453 (1936) ("Though the employee when injured was on his way home he was on his employer's premises where his employment carried him," and transportation to and from work was incident of employment; compensation was thus due). We have also extended compensability to injuries arising while an employee was arriving to or departing from work on a private passage to which the employer had a right of use — such as a stairwell, elevator, parking lot, or outdoor passageway. See *Mahan's Case*, 350 Mass. 777, 777 (1966); *Mannering's Case*, 290 Mass. 517, 518-519 (1935), and cases cited; *Latter's Case*, 238 Mass. 326, 327-328 (1921); *Lee* v. *Pelletier*, 20 Mass. App. Ct. 915, 915-916 (1985). Such cases have been distinguished from those in which the relevant injury occurred during a commute on a public way. See *Mannering's Case*, *supra* at 519, and cases cited.

We have not had occasion, however, to address factual circumstances akin to those presented by the version of events suggested by the witness's recorded statement. Had the administrative judge credited the witness's account, an unresolved question of law — whether a public street between two "work zones" crossed by an employee on his way home constitutes the employer's "premises" for workers' compensation purposes — would have emerged.[9] The answer to that question was not clear

---

[9]Similarly, the insurer could have reasonably argued that DiFronzo was no longer "in the course of his employment" in running to catch a bus home.

when the insurer decided to defend the suit.[10] As such, we think the insurer had a plausible defense based on the recorded statement of the witness. The board did not err in concluding that the imposition of § 14 (1) penalties should be reversed.

3. *Conclusion.* The insurer in this case had evidence from an eyewitness that would have placed DiFronzo crossing North Street to catch his bus home when he was injured. As the law regarding the eligibility of a person in such circumstances for workers' compensation was unclear, it cannot be said, under an objective reasonableness standard, that the insurer defended the claim without reasonable grounds.

> *Decision of the reviewing board*
> *of the Department of Indus-*
> *trial Accidents affirmed.*

---

[10]DiFronzo cites *Zapponi* v. *Central Constr. Co.*, 334 Mass. 146, 146-150 (1956), in support of his position that the injury was compensable regardless of whether DiFronzo was in fact crossing the street to catch a bus. In that case, an employee of a construction company was injured by the act of a coworker while leaving a work site for the day, and we held that the injury arose out of, and occurred in the course of, his employment. *Id.* at 146-148. There, however, the injured employee was within the "reserved area" of a closed road that was under construction when he was injured, a point that we emphasized in reaching our conclusion. *Id.* at 149-150. That decision does not make compensation in the present case so apparently warranted that G. L. c. 152, § 14 (1), penalties would be appropriate.