The employee, George Rivera, appeals from a decision of the reviewing board of the Department of Industrial Accidents (board) that vacated an award of benefits under G. L. c. 152, §§ 13, 14(1), 30, & 34A, and enhanced attorney's fees under G. L. c. 152, § 13A.[2] ,[3] For the reasons that follow, we affirm.
Background. Rivera has been employed as a correction officer for the Department of Correction (DOC) since 1989. On February 25, 1996, he injured both of his knees when he tried to break up a fight between two inmates. The injury required surgery on both knees. The Commonwealth accepted liability for the injury and paid Rivera total and partial incapacity benefits pursuant to §§ 34 and 35.[4]
Rivera returned to work in 2006. In April, 2011, he sought further treatment with his orthopedic surgeon for his left knee, and he filed a claim for benefits to authorize an evaluation. The surgeon examined Rivera after the administrative judge issued a conference order requiring the Commonwealth to pay for the examination under §§ 13 and 30 in December of 2011. See G. L. c. 152, § 10A(2). The surgeon ordered a magnetic resonance imaging of the left knee and recommended further surgery. The Commonwealth appealed from the conference order, but it also issued a "utilization review approval" of the proposed surgery, suggesting that it would pay for it. On March 13, 2012, the surgeon performed surgery on Rivera's left knee. As of that date, Rivera had exhausted all of his benefits.
Thirteen days later, on March 26, 2012, the Commonwealth denied coverage for the surgery. The Commonwealth also denied Rivera's request that he receive physical therapy as recommended by his surgeon. On April 3, 2012, Rivera filed a claim for benefits under § 34A. On June 19, 2012, Rivera returned to work full-time, with no restrictions. Thereafter, the Commonwealth withdrew its appeal from the 2011 conference order. The Commonwealth paid for Rivera's medical services under §§ 13 and 30, and it also paid for the March, 2012, surgery. It did not offer to pay § 34A benefits.
An administrative judge of the Department of Industrial Accidents heard Rivera's claim for workers' compensation benefits. After considering (1) the testimony of Rivera, a DOC employee, and two employees of the Commonwealth, (2) the deposition testimony of the impartial medical examiner (IME), and (3) two reports prepared by the same IME, the administrative judge determined that Rivera's 2012 knee surgery was causally related to the 1996 injury and that Rivera "was totally disabled" from employment for the period of March 13, 2012, through June 18, 2012. Although he credited the IME's opinion that the standard recovery period from the surgery performed on Rivera "is six weeks with physical therapy after which the patient would still have pain and discomfort," the administrative judge found that Rivera was "totally disabled [following the surgery] and had no prognosis as to when or if he would be able to return to his work." He awarded Rivera § 34A benefits for the closed period when he was out of work following surgery, and he ordered the Commonwealth to pay penalties pursuant to § 14(1) because, he found, it had "expressed no reasonable basis for defending against" Rivera's claims.[5] The administrative judge ordered the Commonwealth to pay for Rivera's medical services pursuant to §§ 13 and 30, and he allowed Rivera's motion for enhanced attorney's fees.[6]
As noted, the board reversed the decision of the administrative judge, reasoning that Rivera was not entitled to § 34A benefits because he had not offered any medical evidence that his incapacity following surgery was "permanent."[7] The board concluded that awarding Rivera a higher amount of weekly benefits under § 34A because he had exhausted his entitlement to a lesser amount under §§ 34 and 35 "is contrary to the statutory scheme." The board further concluded that the Commonwealth had reasonable grounds to defend Rivera's claims and therefore vacated the award under § 14(1).
Discussion. "[T]he board may reverse the decision of an administrative judge only where it is 'beyond the scope of his authority, arbitrary or capricious, or contrary to law.' " Wilson's Case, 89 Mass. App. Ct. 398, 400 (2016), quoting from G. L. c. 152, § 11C, as amended by St. 1991, c. 398, § 31. Here, the board determined that the administrative judge's award of § 34A benefits was contrary to law because Rivera did not prove permanency.[8] We may reverse or modify this decision only if "it is based on an error of law, or is arbitrary, capricious, or otherwise not in accordance with law."[9] Ibid. See G. L. c. 30A, § 14(7)(c ), (g ). For the following reasons, we see no error of law and nothing arbitrary or capricious in the board's decision.
Under § 34A, as amended by St. 1991, c. 398, § 60, an insurer "shall pay" benefits to an employee "[w]hile the incapacity for work resulting from the injury is both permanent and total." In this context, "total and permanent disability is intended to mean total and permanent disability to earn wages" of any kind. Frennier's Case, 318 Mass. 635, 639 (1945). The question is not whether the employee is permanently disabled from earning wages from his current or former employment; rather, it is whether "the employee's disability is such that it prevents him from performing remunerative work of a substantial and not merely trifling character." Ibid. "Whether an employee has suffered a total disability is a question of fact, and a board's finding on that issue must stand unless unsupported by the evidence." Trant's Case, 21 Mass. App. Ct. 983, 984 (1986). The employee bears the burden of showing that he is entitled to compensation. Id. at 985.
We agree with the board that Rivera did not sustain his burden of showing permanent incapacity. Neither the reports submitted by the IME nor the testimony presented at the hearing addressed Rivera's ability to earn wages. While the administrative judge found that Rivera's surgery rendered him "totally" disabled from performing the duties of a correction officer, that finding "is of little use ... since one can be 'totally' disabled temporarily or permanently." Kelly's Case, 78 Mass. App. Ct. 907, 909 (2011). The administrative judge explicitly credited the IME's testimony that the standard recovery period for the surgery performed on Rivera is six weeks, and Rivera testified that he returned to work full-time, with no restrictions, three months after the surgery.
It is the board's "exclusive function" to determine the extent of an employee's incapacity and to award compensation accordingly. Sjoberg's Case, 394 Mass. 458, 464 (1985). Here, "there was no medical evidence that the employee was permanently and totally disabled from all occupations" while he recovered from knee surgery. Kelly's Case, supra. Instead, the IME effectively testified that "recovery [from the surgery] is reasonably certain after a fairly definite time." Yoffa v. Metropolitan Life Ins. Co., 304 Mass. 110, 111 (1939). As such, the board's conclusion that Rivera's incapacity following surgery was not "permanent" within the meaning of § 34A is reasonable and entitled to deference. See Sikorski's Case, 455 Mass. 477, 480 (2009). There was no error.
The board properly vacated the § 14(1) penalties awarded to Rivera because, as the board noted in its decision, Rivera never produced any medical evidence to support his claim of total and permanent incapacity. The Commonwealth's contention that Rivera was not entitled to § 34A benefits therefore "had some plausibility." DiFronzo's Case, 459 Mass. 338, 342-343 (2011) (quotation omitted) (articulating standard for determining whether "prudent insurer would have defended the claim"). Similarly, Rivera's entitlement (if any) to § 34A benefits for a closed, three-month period presented "a fair question of law." Ibid. (quotation omitted). Finally, we agree with the board that the Commonwealth had reasonable grounds to defend against Rivera's claim for surgery "[d]ue to the passage of time between the employee's injury [and] his return to full-time work in 2006."
Rivera's request for appellate attorney's fees and costs is denied.
Decision of reviewing board affirmed.

The board also recommitted the matter to the administrative judge for reconsideration of the attorney's fees issue. After the administrative judge declined to hear the matter on recomittal because in his view, the case had to be reassigned to another administrative judge, the Commonwealth conceded the attorney's fee issue, and the board's decision became final.

Hereinafter, we will refer to the various provisions of G. L. c. 152 by their section number.

DOC is self-insured through the Commonwealth.

Pursuant to § 14(1), as amended by St. 1991, c. 398, §§ 36-38, "if any administrative judge or administrative law judge determines that any proceedings have been brought, prosecuted, or defended by an insurer without reasonable grounds: (a) the whole cost of the proceedings shall be assessed upon the insurer; and (b) if a subsequent order requires that additional compensation be paid, a penalty of double back benefits of such amount shall be paid by the insurer to the employee."

Although neither Rivera's motion for an enhanced fee nor the administrative judge's decision specify the section under which the fee was awarded, the board reviewed the enhanced fee award under § 13A(5). In pertinent part, that section provides that "the insurer shall pay a fee to the employee's attorney in an amount equal to three thousand five hundred dollars plus necessary expenses" whenever an insurer contests a claim for benefits and the employee prevails "at a hearing pursuant to section eleven." G. L. c. 152, § 13A(5), as amended by St. 1991, c. 398, § 35. "[A]n administrative judge may increase or decrease such fee based on the complexity of the dispute or the effort expended by the attorney." Ibid.

Quoting from Yoffa v. Metropolitan Life Ins. Co., 304 Mass. 110, 111 (1939), the board noted that "permanency is 'the opposite of temporary or transient,' " and that Rivera "failed to produce any medical evidence that his incapacity from his surgery would 'continue for an indefinite period which is likely never to end, even though recovery at some remote or unknown time is possible.' "

Because Rivera makes no argument on appeal regarding the board's decision to vacate the §§ 13 and 30 awards, we confine our analysis to Rivera's claim of error under § 34A.

"We review the board's decision in accordance with the standards set forth in G. L. c. 30A, § 14(7), governing appeals from final administrative agency decisions, but 'we do not review whether the board's decision was supported by substantial evidence.' " Wilson's Case, supra, quoting from Wadsworth's Case, 461 Mass. 675, 679 (2012). This is because, "[i]n workers' compensation cases, '[i]t is the exclusive function of the board to consider and weigh the evidence and to ascertain and settle the facts.' " Bisazza's Case, 452 Mass. 593, 596 (2008), quoting from McEwen's Case, 369 Mass. 851, 853 (1976).