APPEALS COURT 
 
 MICHAEL MEEHAN vs. LAZER SPOT, INC., & another.[1]

 
 Docket:
 23-P-180
 
 
 Dates:
 December 5, 2023 – September 11, 2024
 
 
 Present:
 Green, C.J., Neyman, & Englander, JJ.[2]
 
 
 County:
 Hampden
 

 
 Keywords:
 Workers' Compensation Act, Exclusivity provision. Practice, Civil, Summary judgment.
 
 

  
      Civil action commenced in the Superior Court Department on August 10, 2020.
      The case was heard by Karen L. Goodwin, J., on motions for summary judgment.
      John J. McCarthy for the plaintiff.
      Patricia B. Gary for the defendants.
      NEYMAN, J.  The plaintiff, Michael Meehan, commenced this action against his employer, Lazer Spot, Inc., and his coemployee, Chailyn Ortiz (collectively, the defendants), alleging that Ortiz negligently struck him while operating a vehicle owned by Lazer Spot.  A Superior Court judge allowed the defendants' cross motion for summary judgment, and the plaintiff appealed therefrom.  Because we conclude that the plaintiff "receive[d] a personal injury arising out of and in the course of his employment" within the meaning of the workers' compensation act (act), G. L. c. 152, the exclusivity provisions of the act foreclosed his negligence claims.  G. L. c. 152, § 26.  Accordingly, we affirm.
      Background.  We summarize the material facts in the summary judgment record, which are undisputed.[3]  Lazer Spot owned and operated trucks at the Home Depot Distribution Center in Westfield and made use of a small trailer as an office for its manager and employees.  The plaintiff was employed by Lazer Spot as a "yard switcher," where his "duties included driving . . . trailers and backing them up to the loading docks."
      The plaintiff drove his car to work at the Home Depot Distribution Center and parked in the designated employee parking lot.  He "[began] his work day by clocking in at the [Lazer Spot] office trailer at the premises, which is about 250 feet from the employee parking lot where [he] parks his car."  The plaintiff "would return to the office trailer to clock out at the end of his shift . . . and walk to his car." 
      On May 28, 2019, the plaintiff "punched into work at 4 A.M."  At 3 P.M., "right after [his] shift ended," he entered the Lazer Spot trailer, punched out, and proceeded to walk towards his car located in the designated parking lot.  As the plaintiff "was heading to the parking lot to walk to his car to go home," a Lazer Spot truck driven by Ortiz, also a Lazer Spot employee, struck him.  The plaintiff was "[i]n the vicinity of the office trailer" and "near or at the curb of the parking area" at the time the truck hit him.  He was thrown into the air and sustained a variety of injuries from the accident.
      The plaintiff filed a complaint in the Superior Court, followed by a first amended complaint, alleging common-law negligence by the defendants.  Subsequently, the plaintiff filed a motion for partial summary judgment, and the defendants filed a cross motion for summary judgment.  Following a hearing, a Superior Court judge denied the plaintiff's motion and allowed the defendants' motion.  The plaintiff filed a motion for reconsideration, which the same judge denied.  Judgment entered for the defendants and this appeal ensued.
      Discussion.  1.  Legal standards.  a.  Summary judgment.  We review a grant of summary judgment de novo to determine whether, "viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law" (citation omitted).  Casseus v. Eastern Bus Co., 478 Mass. 786, 792 (2018).  "The moving party bears the burden of affirmatively demonstrating the absence of a triable issue."  Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 550 n.6 (2008).  If the moving party carries its burden, "the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact."  French King Realty Inc. v. Interstate Fire & Cas. Co., 79 Mass. App. Ct. 653, 659-660 (2011).
      b.  Workers' compensation act.  The workers' compensation act "was enacted as a humanitarian measure in July, 1911, in response to public sentiment that previous remedies under common law and the employers' liability act did not sufficiently protect against injuries or provide relief for workplace accidents" (citation omitted).  Molina v. State Garden, Inc., 88 Mass. App. Ct. 173, 178 (2015).  "The goal of the workers' compensation scheme is the protection of the injured worker from the sudden loss of cash income."  Id.  
      "The [a]ct provides the exclusive remedy for claims brought by an injured employee against an employer."  Molina, 88 Mass. App. Ct. at 178, citing G. L. c. 152, §§ 23-24.  "[U]nder G. L. c. 152, § 24, unless an employee expressly preserves his or her common law rights of action, a claim alleging negligence of an employer or of a coemployee is foreclosed by the exclusivity provisions of the [act]."  Perkins v. Commonwealth, 52 Mass. App. Ct. 175, 176-177 (2001).  As we have explained,
"The [a]ct was designed to replace tort actions, by providing a uniform, statutory remedy for injured workers, in contrast to a piecemeal, tort-based system.  The exclusivity provisions are the cornerstone of the [a]ct.  Employees get a guaranteed right of recovery, but they are in turn barred from recovering against their employers for injuries received on the job."  (Quotations and citations omitted.)
Molina, supra.  Accordingly, "where compensation benefits are available under G. L. c. 152, an employee injured in the course of his employment by the negligence of a fellow employee may not recover from that fellow employee [or employer] if he was also acting in the course of his employment" (citation omitted).  Mendes v. Tin Kee Ng, 400 Mass. 131, 132 (1987).
      2.  Analysis.  We begin our analysis with the undisputed fact that the plaintiff never provided written notice of his intention to reserve his common-law rights against his employer as required under G. L. c. 152, § 24.  Therefore, the statute precludes the plaintiff's negligence claims against the defendants if he was injured in the course of his employment.[4]  See Perkins, 52 Mass. App. Ct. at 176-177.  See also G. L. c. 152, § 26.  
      The plaintiff contends that he was not injured in the course of his employment because, at the time of the accident, he had concluded his employment activity and thus was not acting in furtherance of Lazer Spot's business.  It is true that "we have generally held that employees injured on their commute to and from work are not due workers' compensation benefits."  DiFronzo's Case, 459 Mass. 338, 344 (2011).  However, "[w]e have also extended compensability to injuries arising while an employee was arriving to or departing from work on a private passage to which the employer had a right of use -- such as a stairwell, elevator, parking lot, or outdoor passageway."  Id.  See Mannering's Case, 290 Mass. 517, 519 (1935) ("employee is within the scope of his employment while making his exit from the employer's premises at the end of his period of work, either on land of the employer or by stairs over which he has a right of passage").  We also consider whether the risk of injury "was a hazard to which [the employee's] employment exposed him," and whether "[a] causal relation between the employment and the employee's injury is shown."  Milliman's Case, 295 Mass. 451, 453 (1936).  See Baran's Case, 336 Mass. 342, 344 (1957) ("A material inquiry is whether the employee was upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment").  "[A]s long as one significant purpose [of an employee's act] is related to the employment the employee will be considered to be acting in the course of her employment."  Mendes, 400 Mass. at 134-135.  But see Chernick's Case, 286 Mass. 168, 172 (1934) (worker injured "while on his way to his daily work and before he had reached any place where he had uncompleted work to be performed" not actively engaged in business of employer and thus not entitled to recovery under act).
      In the present case, we have little difficulty concluding that the plaintiff's injuries arose in the course of his employment.  There is no dispute that he had just "punched out" inside the trailer, proceeded to walk towards his car in the parking lot designated for employees to park their vehicles, "was heading to the parking lot to walk to his car to go home," and was in "the vicinity of the office trailer" at the time of the accident.  There is also no dispute that he was departing from work on a passage to which the employer had a right of use, there was a causal relation between his employment at Lazer Spot and the injuries he suffered, the risk of injury was a hazard to which his employment exposed him, and his act of walking across the premises to his designated parking area was incidental to his employment.  
      Our conclusion is consistent with and compelled by nearly a century of precedent.  See DiFronzo's Case, 459 Mass. at 344; Mendes, 400 Mass. at 135; Mahan's Case, 350 Mass. 777, 777 (1966); Zapponi v. Central Constr. Co., 334 Mass. 146, 148-149 (1956); Mannering's Case, 290 Mass. at 519; Lee v. Pelletier, 20 Mass. App. Ct. 915, 916 (1985).  See also L.Y. Nason, C.W. Koziol, & R.A. Wall, Workers' Compensation § 12.3, at 377 (3d ed. 2003) ("Parking lots owned or furnished by the employer for the use of employees are now clearly considered to be employment premises, even where separated by a public street from the building where the employee worked.  An injury going from the building to the parking lot would be covered if incurred on the intervening public street, or even an intervening private way").[5]
      The plaintiff also argues that, although Lazer Spot controlled the trailer located in the Home Depot parking lot, Home Depot owned the parking lot itself and controlled the premises where the accident occurred, and thus the plaintiff's injuries did not arise in the course of his employment as a matter of law.  We disagree.  
      As the plaintiff notes, some of our cases have considered an employer's "control" of certain premises as a factor in analyzing whether an employee sustained injuries in the course of employment.  See, e.g., Mendes, 400 Mass. at 134 (plaintiff's injuries arose out of and in course of employment where plaintiff struck by automobile while sitting on steps at restaurant entrance in area "subject to the management and control of her employer and as such was part of the employer's premises"); Pelletier, 20 Mass. App. Ct. at 916 (plaintiff engaged in course of his employment when injuries occurred while leaving defendant employer's premises at end of day's labor while on access road controlled by employer).  Seizing on this precedent, the plaintiff contends that to be eligible for workers' compensation benefits within the meaning of the act, he must have been injured while inside or within arm's reach of the trailer owned and controlled by Lazer Spot.  The plaintiff's reading of our case law is far too narrow.
      We will assume for purposes of our analysis that there is at least a dispute of fact whether Home Depot or Lazer Spot controlled the parking area where the accident occurred.  Although control may be a factor to consider in determining whether an injury arose out of employment, it is not dispositive.  See Mannering's Case, 290 Mass. at 520 ("Since [the plaintiff's] employer had a right of passage over the way, the privilege could be conferred upon the [plaintiff] to use it.  In this respect there is no distinction between ownership of the fee of the passageway and the right of passage over it").  Rather, the critical question in the present context "is whether [the plaintiff's] employment brought him in contact with the risk that in fact caused" the injury, and "whether his employment exposed him to the risk . . . which actually caused the injury."  Baran's Case, 336 Mass. at 344.  
      Sundine's Case, 218 Mass. 1 (1914), is instructive on this point.  There, the plaintiff was working for her employer in a fourth-floor workroom leased by the company (company) for which her employer served as an independent contractor.  See id. at 2-3.  While leaving for lunch and descending stairs from the third to the second floor of the building, she fell and suffered an injury.  See id. at 2.  Although neither the employer nor the company owned or had control over the stairs on which the plaintiff fell, the Supreme Judicial Court concluded that her injury arose out of and in the course of her employment.  See id. at 5.  As the court stated, 
"Nor do we regard it as decisive . . . that [the plaintiff] was injured while upon stairs of which neither [the plaintiff's employer] nor [the company] had control, though they and their employees had the right to use them.  These stairs were the only means available for going to and from the premises where she was employed, the means which she practically was invited by [the employer and the company] to use."
 Id. at 4-5.
      Similarly, in the present case there is no dispute that Lazer Spot and its employees had permission to access the parking area; the plaintiff was heading to the designated parking lot, where he "parks his car," to go home; and he was injured while on premises where his employment carried him and exposed him to this risk.[6]  See Connolly v. Miron, 353 Mass. 654, 655 (1968) (injury to plaintiff arose out of and in course of his employment where he and defendant "were departing their employer's premises immediately following their work, and injury occurred in a parking space provided for them both by their employer"); Mahan's Case, 350 Mass. at 777 (plaintiff injured while in course of employment when struck by bus in parking area of transit authority while walking to newsstand where she was employed).  Under the plaintiff's interpretation of the statute and our case law, an employee struck and injured by an employer's vehicle, operated by a fellow employee, in the very area where the employees worked for the employer, would not be eligible for workers' compensation.  Such a result would flout the plain language and intent of the act as well as precedent and common sense.  
      In short, the plaintiff was injured while on premises that he and other Lazer Spot employees "had the right to use," Sundine's Case, 218 Mass. at 4, and 
"[i]t was a risk of his employment on that job, that in getting to and from the premises he would be injured in the course of doing those things which made his passage possible, particularly from the passing, at the same time, of one of the defendant's vehicles used on the job" (citation omitted).  
Zapponi, 334 Mass. at 149.  Accordingly, we affirm the judgment of the Superior Court.[7]
                                    
 
So ordered.

footnotes
          
      [1] Chailyn Ortiz.
                 [2] Chief Justice Green participated in the deliberation on this case prior to his retirement.
            [3] The parties disagree whether the plaintiff timely filed his responses to the defendants' "additional statement of undisputed facts in support of their [cross motion] for summary judgment," see Rule 9A(b)(5)(iii)(B) of the Rules of the Superior Court (2022), and whether those responses were reviewed by the judge ruling on summary judgment.  We need not resolve this dispute as the "material" facts controlling the outcome of this case are not in dispute.  We do note, however, that Rule 9A(b)(5)(iii)(A) of the Rules of the Superior Court (2022), requires that an opposing party's response to a moving party's statement of facts "shall be limited to stating whether a given fact is disputed and, if so, cite to the specific evidence, if any, in the Joint Appendix that demonstrates the dispute."  Here, to the extent that the plaintiff disputed the defendants' "additional statement of undisputed facts," the plaintiff failed in most every instance to cite to any "specific evidence . . . in the Joint Appendix that demonstrates the dispute."  See Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 46 n.18 (2005) (discussing consequences of failure to comply with rule 9A[b][5]); Nickerson v. Flynn-Morris, 103 Mass. App. Ct. 703, 707-708 (2024) (same). 
                 [4] There is no dispute that Ortiz was a Lazer Spot employee acting in the scope of her employment when she operated the truck that struck the plaintiff.
            [5] Of course, a different result might be warranted had the plaintiff sustained his injury prior to his arrival at work or following his departure from the premises.  See, e.g., Haslam's Case, 451 Mass. 101, 110-112 (2008) (analyzing "going and coming" rule); Chernick's Case, 286 Mass. at 172.
            [6] In the present case, unlike Sundine's Case, 218 Mass. at 4-5, the summary judgment record does not specify that the accident occurred in an area that was "the only means available for going to and from the premises, where she was employed."  This distinction is of no moment where the undisputed evidence shows that the accident occurred in an area where employees worked; in an area where the plaintiff had an established right of access; and in an area that the plaintiff "practically was invited by [Lazer Spot and Home Depot] to use."  Id. at 5. 
            [7] Where we hold that the plaintiff sustained his injuries in the course of his employment such that G. L. c. 152 bars his common-law negligence claim, we need not address the defendants' alternative argument regarding the applicability of the "exclusivity provision" of G. L. c. 152, § 23, stemming from the plaintiff's alleged acceptance of workers' compensation payments pursuant to G. L. c. 152, § 19.  Likewise, we need not address the plaintiff's claims that the judge erred in finding that he had executed a lump sum agreement within the meaning of G. L. c. 152, § 48, or that the judge erred in failing to rule on the plaintiff's claim that Ortiz owed him a duty of care.  Where the plaintiff sustained his injuries in the course of his employment, his exclusive remedy in the present circumstances falls under G. L. c. 152.